32242. CITY OF SUMMERVILLE *v.* GEORGIA POWER COMPANY.

DECIDED JANUARY 8, 1949. REHEARING DENIED FEBRUARY 26, 1949.

*Jesse M. Sellers, Thomas J. Espy Jr.,* for plaintiff.

*MacDougald, Troutman, Sams & Branch, Dudley Cook, Wright, Rogers, Magruder & Hoyt,* for defendant.

FELTON, J. This action is brought in one count and is indisputably brought under section (a) of the Declaratory Judgment Act (Ga. L. 1945, p. 137; Code, Ann. Supp., § 110-1101), on the theory that an actual controversy exists. The petition alleges: "The question of the right of the Georgia Power Company to use the streets, alleys and public places of petitioner has existed for several years, particularly since February 5, 1940. Actual controversy over the legality of the writing set forth as Exhibit 'A' has existed during the last sixteen months or longer. Petitioner has contended that said writing which purports to be a franchise was void from the beginning. The Georgia Power Company contends that said writing is a valid franchise for it to use the streets, alleys and public places of petitioner." The petition further alleges: "If petitioner's citizens should desire to vote revenue certificates for the purpose of constructing and maintaining a municipally owned plant or system for the distribution of electricity, petitioner is entitled to the unobstructed right to such certificates voted and issued." It alleges further: "Except for the said franchise claim of Georgia Power Company, petitioner could contract the use of its streets, alleys, and public places for the distribution of electricity for a substantial annual income, with the privilege of purchasing the distribution system of electricity after ten years of operation under such contract." There is no allegation of an expressed or even contemplated intention on the part of the city to contract for the use of its streets, alleys, and public places for the distribution of electricity for an annual income or to vote revenue certificates for the purpose of constructing and maintaining a distribution system. We do not mean to say that the allegation of a mere intention to do either of these things would have the effect of ripening a mere difference of opinion into an actual controversy as contemplated by the act, but we do hold that the mere possibility that the city might take either course in the future is not sufficient to constitute an actual controversy within the meaning of the statute.

The need for a settlement of the issue must be more urgent than the mere desire for the satisfaction of having an answer to the question stored away in a file from which it could be lifted if the occasion ever arose therefor. Under such circumstances, presented by the petition before us, the giving of an opinion would be the giving of a mere advisory opinion, the giving of an answer to an academic or hypothetical question. If we suppose that the city would never decide to sell the distribution rights or vote revenue certificates, it is clear that a declaration of the rights of the parties as prayed would be an advisory, academic, hypothetical, and useless declaration. Whatever may have been the intention of the lawmakers, we think nearly all courts agree that the controversy must have proceeded beyond the stage of the controversy here shown before a petition for a declaratory judgment is in order. 16 Am. Jur. 282-284; Town of Tryon *v.* Duke Power Company, 222 N. C. 200 (22 S. E. 2d, 450), and cases cited (in which it was held that a mere difference of opinion between a town and power company as to whether the town had the right to purchase or condemn the power company's electric plant, or otherwise acquire it, without any allegation of intent on the part of the town to acquire the plant, did not constitute a "controversy" permitting the town to maintain an action under the Declaratory Judgment Act for a determination of its right to acquire the electric plant); Anderson on Declaratory Judgments, pp. 28-9; *City of Nashville* v. *Snow,* 204 *Ga.* 371 (49 S. E. 2d, 808); Borchard Declaratory Judgments, pp. 26-57; *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d, 915). Since the petition did not present a controversy ripe for judicial determination, the court did not err in sustaining the general demurrer and dismissing the action. Whether or not such action was correct for other and additional reasons is not passed on. The court did not err in sustaining the demurrers to the petition.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*