35214. ULMER *v.* STATE HIGHWAY DEPARTMENT *et al.*

DECIDED OCTOBER 14, 1954.

834

*Bloch, Hall, Groover & Hawkins, R. G. Dickerson,* for plaintiff in error.

*A. J. Little, B. Lamar Tillman, C. Winton Adams,* contra.

NICHOLS, J. The superior court did not err in sustaining the general demurrers to the petition, which failed to state grounds for the relief sought. The court was asked: to rule that the condemnation proceeding had been changed into an arbitration; to make the award the judgment of the court; and to dismiss the appeal of the State Highway Department, in addition to declaring the rights of the parties under the contract. But these are questions properly to be determined in the case already commenced as a condemnation proceeding and alleged to be pending. If the question of the value of the land taken was submitted to arbitration pendente lite as contended, the award should become a part of the judgment in that case, under Code §§ 7-217, 7-218,

7-224, and the appeal dismissed on motion or plea. We make no ruling upon this question. The condemnee had the right to file any appropriate pleadings setting up her contentions in the pending case. *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1 (3) (76 S. E. 387, Ann. Cas. 1914A, 880); *City of Macon* v. *Ries,* 179 *Ga.* 320, 326 (176 S. E. 21). Her remedy in that proceeding was adequate, and the courts will not take jurisdiction to render a declaratory judgment if the effect of such judgment is to give an advisory opinion concerning the law applicable to a case already pending in a court of competent jurisdiction. *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d 915); *Darnell* v. *Tate,* 206 *Ga.* 576, 581 (58 S. E. 2d 160). The petition for declaratory judgment was properly dismissed.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*