36095. GRIFFIN *et al.* v. HARDWARE MUTUAL INSURANCE CO.

802

Decided April 30, 1956.

*Ray Y. Cross, Colquitt H. Odom,* for plaintiff in error.
*Peacock, Perry & Walters,* contra.

FELTON, C. J. ■ The court did not err in overruling the defendants' demurrers to the petition. *Georgia Casualty & Surety Co. v. Turner,* 86 *Ga. App.* 418 (71 S. E. 2d 773).

■ The question can be resolved by determining what constitutes the relationship of employer-employee or master-servant in Georgia. Employment means the existence of the relationship

of master and servant. Birmingham Trust & Sav. Co. *v.* Atlanta B. & 'A. Ry. Co., 271 Fed. 743 (1). While there is no concrete and inflexible definition of master and servant, and the relationship must be determined from the facts of each individual case, the main consideration is the right of the employer to control the activities of the employee in the employment duties. Labatt's Master and Servant (2d ed.), Vol. 1, p. 9, § 2. " 'A servant is one who is employed to render personal service to another otherwise than in the pursuit of an independent calling, and who, in such service, remains entirely under the control and direction of the employer.' 18 Am. & Eng. Enc. L. 474; *Wall* v. *State,* 75 *Ga.* 474." *Henley* v. *State,* 59 *Ga. App.* 595, 599 (2 S. E. 2d 139). In determining whether a person was an independent contractor or an employee, the courts have applied the standard laid down in Code § 105-502 (5) as to whether the alleged employer retained the right to direct or control the time and manner of executing the work. See *Cooper* v. *Dixie Construction Co.,* 45 *Ga. App.* 420 (165 S. E. 152).

In the present case, since there was no contract of employment, if the relationship of master and servant existed, it would have to be inferred from the circumstances. (As to various elements considered when the relationship is inferred, see Labatt's Master and Servant, 2d ed., Vol. 1, §§ 18-30, p. 56.) Paige merely asked Griffin to assist him in setting the timing of the automobile engine. Nothing was said of wages or compensation; nothing was said as to the duration of the assistance; nothing was said as to what Griffin was specifically to do, and it does not appear that Paige had the right to control the time, method, and manner in which Griffin was to lend his assistance. There is nothing from which it can be inferred that Griffin was the servant of Paige.

Cases where an employee hired an assistant or helper with the knowledge or consent of the employer, those involving borrowed or substituted servants, and those involving the definition of employee under the Workmen's Compensation Act, are clearly not applicable here. In *Carstarphen* v. *Ivey,* 66 *Ga. App.* 865 (19 S. E. 2d 341), the statement by the court that the defendant's employee was a servant or employee of the plaintiff at the time the plaintiff received his injuries was obiter dictum. The real

question which was presented and which controlled the decision was whether the defendant's employee, at the time the plaintiff received his injuries, was acting within the scope of his employment by the defendant.

The court did not err in overruling the demurrers to the petition.

The court erred in finding in favor of the plaintiff.

*Judgments affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*