37016. McCALLUM *et al.,* Commrs. *v.* QUARLES.

DECIDED JANUARY 28, 1958—
REHEARING DENIED FEBRUARY 13, 1958.

*Isaac C. Adams, Adams & McDonald, Cravey & Pentecost,* for plaintiffs in error.

*Horace T. Clary, Parker, Clary & Kent,* contra.

NICHOLS, Judge. 1. The plaintiff's petition does not allege, as contended by the defendants, that the defendants are estopped by their actions to deny that he is a "peace officer" within the meaning of the Peace Officers' Annuity and Benefit Fund of Georgia (Code, Ann., Ch. 78-9). Accordingly the decision of the Supreme Court in the case of *McCallum* v. *Almand,* 213 *Ga.* 701 (100 S. E. 2d 924), is not applicable, nor does such petitioner plead in the alternative so as to require a ruling that if one theory is bad the whole pleading is bad. See *Richards & Associates, Inc.* v. *Studstill,* 212 *Ga.* 375 (93 S. E. 2d 3).

The only question here presented by the general demurrer to the petition as a whole is whether the plaintiff, under his allegations, is entitled to a declaratory judgment.

"Whether or not the plaintiff is entitled to a declaratory judgment upon a hearing, is not dependent upon a determination of

whether or not his contention in the controversy be a correct one. It may be found untenable upon the hearing, but he will not for that reason be sent from court, but is entitled to have the court, upon evidence and not upon the hearing of a general demurrer, declare his rights or lack of any right in the premises. To withstand a general demurrer it is only necessary that the plaintiff show an existing justiciable controversy, as provided by the Declaratory Judgment Act. It is not necessary that the petition go further and show that the plaintiff's contention is correct. As said in *Felton v. Chandler*, 75 *Ga. App.* 354, 362 (43 S. E. 2d 742), the judge 'was concerned merely with the question of whether the plaintiff should be given an opportunity to prove the allegations of his petition and whether under any of the circumstances, if proved, the court should enter *some judgment.*' (Italics ours.)." *Georgia Casualty &c. Co.* v. *Turner*, 86 *Ga. App.* 418, 422 (71 S. E. 2d 773).

The petition in the present case alleged the necessary facts to present a case wherein the plaintiff was entitled, under the Declaratory Judgment Act of 1945 (Ga. L. 1945, p. 137; Code, Ann., Ch. 110-11), to a declaration of his rights and the trial court did not err in overruling the defendants' general demurrers to such petition.

2. The numerous general and special demurrers interposed by the defendants to the various paragraphs and parts of paragraphs of the plaintiff's petition have been carefully examined and are without merit. Accordingly, the trial court did not err in overruling such demurrers.

The ruling made in the first division is not a ruling that the plaintiff is entitled as a matter of law, even if his contentions are unrebutted, to a declaration that his contentions are correct, but it is merely a ruling that he is entitled, under the allegations of his petition, to a declaration as to what his rights are under the facts as they may be established on the trial.

*Judgment affirmed. Felton, C.J., and Quillian, J., concur.*