19916.   STATE OF GEORGIA *v.* HOSPITAL AUTHORITY
OF GILMER COUNTY *et al.*

ARGUED JANUARY 13, 1958—DECIDED MARCH 7, 1958.

897

*Eugene Cook, Attorney-General, Hamilton B. Stephens, Assistant Attorney-General,* for plaintiff in error.

*Ross Arnold, Robert B. Harris, Arnold & Harris, McCutchen & Dimmock, H. G. Vandiviere, H. L. Buffington, Jr.,* contra.

HEAD, Justice. On February 7, 1949, the General Assembly approved an act to authorize the State of Georgia to make grants to assist in the construction of public hospitals and public health centers. Ga. L. 1949, pp. 263-266. In this act the State Board of Health was designated as the agency to administer the grants and to make regulations for the administration of the construction program. This act was amended in 1953 (Ga. L. 1953, Jan.-Feb. Sess., pp. 214-215), and again in 1955 (Ga. L. 1955, pp. 410-414).

Section 6 of the act of 1955 (Code, Ann., § 99-1607 (d)), amending section 7 (d) of the act of 1949, reads as follows: "If any publicly owned and operated hospital, health center, diagnostic or treatment center, rehabilitation facility or nursing home for which funds have been paid under this section shall at any time within 20 years after the completion of construction be sold or used for any purpose contrary to the provisions under which the grant was made, and such change in use is not approved by the State Board of Health, the State of Georgia shall be entitled

to recover from either the transferor or the transferee such per centum of the then value of such publicly owned and operated hospital, health center, diagnostic or treatment center, rehabilitation facility or nursing home as the State grant bore to the total construction cost of that publicly owned and operated hospital, health center, diagnostic or treatment center, rehabilitation facility, or nursing home, as determined by agreement of the parties or by action brought in court in the due process of law."

The purpose of the Declaratory Judgments Act (Ga. L. 1945, pp. 137-139; Code, Ann., Ch. 110-11) is "to settle and afford relief from uncertainty and insecurity with the respect to rights, status and other legal relations." Ga. L. 1945, p. 139 (Code, Ann., § 110-1111). In such actions disputed issues of fact may be determined by a jury (Ga. L. 1945, pp. 137, 138; Code, Ann., §§110-1103, 110-1104), but the mere fact that there is a dispute as to issues of fact could not give the necessary element of "uncertainty and insecurity" to entitle a petitioner to maintain a declaratory-judgment action.

In *Zeagler* v. *Willis*, 212 *Ga.* 286 (92 S. E. 2d 108), it was stated: "The plaintiff's petition . . . fails to show or allege that he is without an adequate remedy at law or in equity, and shows that whatever rights the parties may have are accrued already, and no facts or circumstances are alleged to show any necessity for a determination of any dispute to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged right, and which future action without such direction might reasonably jeopardize his interest. Accordingly, the trial judge properly sustained the defendant's general demurrer to the petition, since it sets forth no ground for a declaration of rights under the Declaratory Judgment Act." See also *Sumner* v. *Davis*, 211 *Ga.* 702 (88 S. E. 2d 392); *Brown* v. *Cobb County*, 212 *Ga.* 172 (91 S. E. 2d 516).

In the present case all of the allegations of the petition amount to but one assertion, that there has been a change in use of the hospital facilities, not approved by the State Board of Health, by reason of the lease agreement between The Hospital Authority of Gilmer County and The Watkins Memorial Hospital, Inc., the latter corporation being alleged to be a sectarian institution

affiliated with named corporations of the Seventh-Day Adventist Church. The quoted provision of the 1955 act (Code, Ann., § 99-1607 (d)) plainly states the remedy of the State where there has been a change of use, that is, to recover from the transferor or transferee such per centum of the value of the hospital, at the time of the change of use, as the State grant bore to the total construction cost of the hospital, "as determined by agreement of the parties or by action brought in court in the due process of law."

Since the statute under which the State of Georgia through the State Board of Health makes grants in aid to hospital authorities provides the recourse of the State in case of a change of use not approved by the State Board of Health, the petitioner needs no declaratory judgment to determine what legal remedy it has. In so far as the assertion is made that a declaratory judgment is needed to protect the petitioner from uncertainty and insecurity with respect to its future conduct in regard to other hospitals which have been constructed, or are to be constructed, with the aid of State funds, the Declaratory Judgments Act makes no provision for a declaratory judgment which is merely advisory. *Liner* v. *City of Rossville*, 212 *Ga.* 664 (94 S. E. 2d 862).

The trial court did not err in sustaining the general demurrers to the petition.

*Judgment affirmed.  All the Justices concur.*