20047.  McCALLUM *et al.*, Commissioners *v.* QUARLES.

MOBLEY, Justice.  1.  " 'While our declaratory-judgment statute itself says that it should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies.  It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest. *Shippen* v. *Folsom*, 200 *Ga.* 58 (35 S. E. 2d 915) ; *Clein* v. *Kaplan*, 201 *Ga.* 396 (40 S. E. 2d 133) ; 1 C. J. S. 1027, § 18; 16 Am. Jur. 280, 286, §§ 7 and 13.' *Mayor &c. of Athens* v. *Gerdine*, 202 *Ga.* 197 (42 S. E. 2d 567).  See also *Georgia Marble Co.* v. *Tucker*, 202 *Ga.* 390 (43 S. E. 2d 245)." *Sumner* v. *Davis*, 211 *Ga.* 702(1)  (88 S. E. 2d 392) ; *Brown* v. *Cobb County*, 212 *Ga.* 172 (91 S. E. 2d 516) ; *Zeagler* v. *Willis*, 212 *Ga.* 286 (92 S. E. 2d 108).

2.  Applying the foregoing ruling to the petition in the instant case, the Court of Appeals (*McCallum* v. *Quarles*, 97 *Ga. App.* 178, 102 S. E. 2d 691) erred in sustaining the judgment of the trial court overruling the general demurrer challenging the propriety of a declaratory judgment in this case.  The plaintiff brought his case under the Declaratory Judgment

Act of 1945 alleging that he has been a member of the Peace Officers' Annuity and Benefit Fund since it was established in 1950 (Ga. L. 1950, p. 50; Code, Ann., § 78-901 et seq.); that he regularly paid his dues as a member thereof until May 8, 1957, when the secretary-treasurer of the fund informed him that his service as a peace officer was not "creditable" for membership or benefits in the Peace Officers' Fund from February 1, 1948, to date; that he was reimbursed all dues he had paid into said fund from February 1, 1948, to May 8, 1957; that the reason given for such action was that he did not qualify for membership in the Peace Officers' Annuity and Benefit Fund under the definition of a "peace officer" as set forth in Code (Ann.) § 78-901; that he has been a peace officer within the meaning of said Code section for more than 30 years and certainly since February 1, 1948; that he has regularly tendered his dues when due since such action of the board, and the board regularly declined to accept them. The petition alleges facts as to the petitioner's status, duties performed, etc., to show that he is a "peace officer", and prays for a declaratory judgment fixing his rights to membership in said fund. While the petition alleges that the petitioner has no adequate remedy at law or in equity, other than by a declaration of his rights as is here sought, clearly the remedy of mandamus to require the board to reinstate him to membership in the fund is available to him. See *Board of Commrs. of Peace Officers' &c. Fund* v. *Clay*, 214 *Ga.* 70 (102 S. E. 2d 575). The remedy afforded by mandamus is a more complete and adequate remedy than is afforded by a mere declaration of the petitioner's rights. Whatever rights the petitioner has have already accrued, and no facts or circumstances are alleged that show that an adjudication of his rights is necessary in order to relieve him from the risk of taking any future undirected action incident to his rights, which action without direction would jeopardize his interest. *Sumner* v. *Davis*, 211 *Ga.* 702, supra, and cases there cited. The only uncertainty facing the petitioner is the outcome of an action for mandamus to reinstate him, provided such action were brought. A decision in such proceeding would not only determine whether he was entitled to reinstatement, but would also force his reinstatement if he is entitled to that relief. Since no cause of action for declaratory judgment is set out,

it is not necessary to consider other assignments of error on rulings on demurrer.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 14, 1958—DECIDED JUNE 4, 1958.

*Adams & McDonald, Cravey & Pentecost,* for plaintiffs in error.