38206. PHOENIX ASSURANCE COMPANY *v.* GLENS FALLS INSURANCE COMPANY *et al.*

Decided April 18, 1960.

*Smith, Field, Doremus & Ringel, Palmer H. Ansley, H. A. Stephens, Jr.,* for plaintiff in error.

*J. Winston Huff, Powell, Goldstein, Frazer & Murphy, James W. Paris, Donald A. Page, Parker & Daniel, C. W. Royster, Gordon J. Rusk, Larry Bogart,* contra.

NICHOLS, Judge. One ground of demurrer filed by Glens Falls Insurance Company, and sustained by the trial court, was "that the petition does not allege facts sufficient to entitle the plaintiff to declaratory or equitable relief." This question will be decided first, for if this ground of demurrer was properly sustained the remainder of the questions presented by the writ of error are moot, and any decision on such further grounds would be obiter dictum.

The plaintiff relies on cases such as *Mensinger* v. *Standard Accident Ins. Co.,* 202 *Ga.* 258 (42 S. E. 2d 628), *Georgia Casualty &c. Co.* v. *Turner,* 86 *Ga. App.* 418 (71 S. E. 2d 773), and *Griffin* v. *Hardware Mutual Ins. Co.,* 93 *Ga. App.* 801 (92 S. E. 2d 871), to sustain its position that it is entitled to have determined whether it is obligated to defend Rusk before it incurs expense in defending Rusk which expense it could not recover if it was later found that it was not liable on the policy of insurance issued by it. Such law is well settled, and indeed if the plaintiff was in such a position, it would be entitled to have its rights and liabilities declared under the above cited cases. However, is such the case here where the plaintiff admits in its petition that it is liable for any judgment obtained against Rusk in excess of the coverage afforded by the policy allegedly issued by Glens Falls Insurance Company, and if no policy has been issued by Glens Falls Insurance Company which covers Rusk then the plaintiff admittedly is bound to defend the action as well as to pay any judgment obtained against Rusk because of the incident involved wherein the injuries and damages allegedly occurred.

The policy of insurance issued by the plaintiff and attached as

an exhibit to the petition provides in part: "Conditions . . . 12. Subrogation Parts I and III. [Part one of the policy covers "Liability" of the assured]. In the event of any payment under this policy the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights." Therefore, the plaintiff is in the same position as Rusk would be if he was seeking to have declared his rights under a liability insurance policy, since under the above quoted provision of the policy, the plaintiff, if it expends money to defend the action or to pay a judgment, is entitled to whatever rights Rusk would have if he defended the action or paid the judgment. In *U. S. Cas. Co.* v. *Georgia S. & F. Ry. Co.*, 95 *Ga. App.* 100, 103 (97 S. E. 2d 185), it was said: "In that type of case [referring to cases such as *Georgia Casualty &c. Co.* v. *Turner*, 86 *Ga. App.* 418, supra, and *Griffin* v. *Hardware Mutual Ins. Co.*, 93 *Ga. App.* 801, supra], the insurance company is faced with the problem of spending money to defend an action which it could not recover if it were later found to be not liable under the policy issued by it. However, such is not the case here where the insured is seeking the declaratory judgment, for if the insured defends the action, and certainly the insured wants any action against it defended, and the insurer is not liable, the insured has lost nothing, for it would have only spent money to defend an action brought against it which was not covered by the insurance policy, and, if the insurer is liable, the insured can recover any sums spent by it to defend the action, and, if a judgment is rendered against it, the amount of the judgment up to the limits of the policy in a breach of contract suit against the insurer."

The act of 1959 (Ga. L. 1959, pp. 236, 237; Code, Ann. § 110-1101 (c) ), provides: "Relief by declaratory judgment shall be available notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies." This, however, does not change the requirement that in order to be entitled to a declaratory judgment the plaintiff must show facts or circumstances whereby it is in a position of

uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest. See *Zeagler* v. *Willis*, 212 *Ga.* 286 (92 S. E. 2d 108), and *State of Georgia* v. *Hospital Authority of Gilmer County*, 213 *Ga.* 894, 898 (102 S. E. 2d 543), and cases cited.

The plaintiff's petition fails to show that it is in such a position, and the judgment sustaining the general demurrer to the petition because such petition fails to set forth facts which entitle the plaintiff to a declaration of its alleged rights was not error. In view of the above ruling other questions presented by the writ of error become moot and are not decided.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*