38192.   RELIANCE INSURANCE COMPANY *et al. v.*
BROOKS LUMBER COMPANY INC.

FELTON, Chief Judge. Where three plaintiffs file a petition for a declaratory judgment and pray specifically only that the court enter a judgment declaring whether or not the peti-

tioners are liable to the defendant on the separate policy of fire insurance issued by each plaintiff, the petition was properly dismissed on general demurrer. While the petition alleged that the defendant had demanded payment on the policies and had put petitioners on notice that an action would be filed against them for the loss covered by the policies and for bad faith damages and attorney's fees, it also alleges that the plaintiffs had absolutely denied liability under the policies. Though this action was filed within sixty days from the demand by the defendant, the petitioners show no necessity for a declaration of their liability under the policies to guide them on account of uncertainty or insecurity because they have already unqualifiedly refused to pay the loss. Moreover, the plaintiffs failed to ask for a declaration as to whether they had refused in bad faith to pay the loss. The act of the General Assembly (Ga. L. 1959, p. 236) amending Code § 10-1101, providing "Relief by declaratory judgment shall be available notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies" does not mean that a declaratory judgment will lie to have just any justiciable controversy decided. The ruling by the Supreme Court in *McCallum* v. *Quarles*, 214 *Ga.* 192 (104 S. E. 2d 105) brings this matter to a clear and unequivocal conclusion. It would seem that an insurance company could always avoid a bad faith penalty and payment of attorneys by instituting a declaratory judgment action within the period of sixty days from demand on it, with little prospect of having the issue decided before the expiration of sixty days, unless it subjected itself to a ruling against it on the question of bad faith. Irrespective of this quaere suffice it to say that the court correctly sustained the general demurrer to the petition because no necessity of a decision to relieve the plaintiff from uncertainty and insecurity was shown by the petition.

*Judgment affirmed. Nichols and Bell, JJ., concur.*

DECIDED APRIL 20, 1960—REHEARING DENIED MAY 10, 1960.

*Hamilton Napier*, for plaintiffs in error.
*A. S. Boone, Jr., George L. Jackson*, contra.