38486. HOLCOMB *et al.* v. BIVENS *et al.*

JORDAN, Judge. This was a suit by two named attorneys for a declaratory judgment as to the priority of the plaintiffs' attorney's lien over the defendant Bivens' security deed to certain described real property and for a permanent injunction, enjoining the defendants from exercising the power of sale contained in their security deed, the same being in default. The trial court sustained the defendant's oral motion to dismiss the petition, and dismissed the same. The exception is to that judgment, it being recited in the bill of exceptions that "the injunctive relief sought has now become moot, and the sole question now left is the determination by the court of the priority of the plaintiffs in error attorney's lien." *Held:*

While under Ga. L. 1959, p. 236, amending the Declaratory Judgments Act (Ga. L. 1945, p. 137; *Code Ann.* § 110-1101 et seq.), by adding thereto Section 1 (c), one is not precluded from obtaining relief by declaratory judgment merely because the complaining party has other adequate legal or equitable remedy or remedies, yet, where, as in the instant case, the petition shows that the rights of the parties have already accrued and no facts or circumstances are alleged which show the necessity for a determination of any dispute to guide and

protect the petitioners from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to their alleged right, which future action without direction would jeopardize their interests, the petition fails to state a cause of action for a declaratory judgment. *Pinkard v. Mendel*, 216 Ga. 487 (117 S. E. 2d 336); *State Highway Dept. v. Ga. S. & F. Ry. Co.*, 216 Ga. 547 (117 S. E. 2d 897); *Sumner v. Davis*, 211 Ga. 702 (88 S. E. 2d 392); *State of Georgia v. Hospital Authority of Gilmer County*, 213 Ga. 894, 898 (102 S. E. 2d 543); *McCallum v. Quarles*, 214 Ga. 192 (104 S. E. 2d 105). Accordingly, the petition failing to state a cause of action for a declaratory judgment and the plaintiffs not being entitled under the pleadings to any other relief, the trial court did not err in dismissing the plaintiffs' petition on oral motion of the defendants.

*Judgment affirmed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED JANUARY 11, 1961—REHEARING DENIED JANUARY 30, 1961.

*Milton Grubbs, Jr., Holcomb & McDuff, Frank D. Holcomb, Robert E. McDuff,* for plaintiffs in error.
*Allen, Duncan & Ford, Vernon W. Duncan,* contra.