22272.   RESERVE INSURANCE COMPANY
v. DEARHART.

ARGUED JANUARY 15, 1964—DECIDED FEBRUARY 18, 1964.

*Nall, Miller, Cadenhead & Dennis, Edward S. White,* for plaintiff in error.

*Wheeler & Crecelius, Charles D. Wheeler,* contra.

GRICE, Justice.   For consideration here is the automatic cov-

erage provision of an automobile liability insurance policy, reciting in material part as follows: "Newly acquired automobile—An automobile, ownership of which is acquired by the named insured . . . if (i) it replaces an automobile owned . . . and covered by this policy, or, the company insures all automobiles owned by the named insured . . . on the date of its delivery . . ."

Reserve Insurance Company, which issued the policy, filed suit for declaratory judgment in the Superior Court of DeKalb County against Thomas Fred Rauschenberg, its named insured, and Richard G. Dearhart, who was then suing Rauschenberg. A declaration was sought as to whether this policy covered the automobile which allegedly caused Dearhart's injuries.

Upon the trial, the evidence showed, without dispute, that when this policy was issued the only automobile described therein was a Ford, then and at all times pertinent to this case, owned not by Rauschenberg but by his father; that subsequent to the issuance of the policy Rauschenberg purchased a Chevrolet automobile, which was involved in the collision with Dearhart; and that prior to the purchase of the Chevrolet Rauschenberg owned no automobile.

The trial court held that there was no coverage of the Chevrolet under the above quoted automatic coverage provision for newly acquired automobiles, and therefore no obligation upon Reserve to defend or pay any judgment as to Dearhart's suit.

The Court of Appeals reversed, stating that coverage did not exist by reason of the language as to replacement of an insured automobile but holding that it did exist because. of the language "if . . . the company insures all automobiles owned by the named insured . . ." Dearhart v. Reserve Ins. Co., 108 Ga. App. 347 (132 SE2d 809).

We granted certiorari.

The only question raised by the application for certiorari, and therefore the only question for our consideration, is whether the Court of Appeals misinterpreted the policy language quoted above. It is our view that it did and that its decision is erroneous.

The named insured and the insurance company here did not

contract for coverage of newly acquired automobiles in all events. They contracted for that coverage in only two events: (1) in case of replacement, which the Court of Appeals said did not occur here, and (2) "if . . . the company insures *all* automobiles owned by the named insured . . ." on the date of delivery of the newly acquired one. (Emphasis ours.) For automatic coverage of newly acquired automobiles to arise under the latter provision, all automobiles owned by the named insured must be insured by Reserve at the time the newly acquired one is delivered. This is clearly a condition precedent to such coverage. However, Rauschenberg owned no automobile at the time he acquired the Chevrolet. The company could not possibly have insured "all automobiles" owned by him when in fact he then owned no automobile. Therefore, there was no automatic coverage for the newly acquired Chevrolet.

The Court of Appeals relied upon Robinson v. Georgia Cas. &c. Co., 235 S.C. 178 (110 SE2d 255). But the facts there were significantly different from those here, and we regard the language relied upon as obiter dictum.

No decision has been called to our attention, and our research has disclosed none, which has considered the above mentioned provision in relation to an analogous factual situation. However, such provision is, to us, clear and unambiguous.

Therefore, we do not deem applicable here the rule that if a policy of insurance is so drawn as to require interpretation, and is fairly susceptible of two different constructions, the one most favorable to the insured will be adopted.

*Judgment reversed. All the Justices concur.*