### 22734. SALOMON et al. v. CENTRAL OF GEORGIA RAILWAY COMPANY et al.

ARGUED NOVEMBER 9, 1964—DECIDED FEBRUARY 19, 1965.

*Aaron Kravitch, John Wright Jones*, for plaintiffs in error.
*Hitch, Miller, Beckmann & Simpson, John B. Miller*, contra.

HEAD, Presiding Justice. ■ The basic issues asserted by the petition (prior to the addition of count 2) are that the stockholders' meeting of April 26, 1957, was not properly adjourned; that the old board is holding over without authority of law; that the board of directors elected by the plaintiffs at the annual meeting of April 26, 1957, is the legally elected board of directors; and that the defendants have refused to recognize the legal board and have refused them access to the premises to perform their duties.

The plaintiffs prayed for a temporary restraining order and a permanent injunction. The able trial judge construed the original petition (later designated as count 1) as one seeking equitable relief, and ruled that the plaintiffs had an adequate remedy at law by mandamus. Authority was cited by the judge to support this ruling. Counsel for the plaintiffs (plaintiffs in error here)

in oral argument and by briefs filed in this court contend that the original petition stated a cause of action for a declaratory judgment.

Section 2 of the Declaratory Judgments Act of 1945 (Ga. L. 1945, p. 137; *Code Ann.* § 110-1102) provides in part as follows: "The court, in order to maintain the status pending the adjudication of the questions or to preserve equitable rights, may grant injunction and other interlocutory extraordinary relief, in substantially the manner and under the same rules as apply in equity cases." This provision of the Declaratory Judgments Act is pleaded in the petition, and it is alleged that the plaintiffs "have no other adequate remedy at law or in equity," and that in order to guide and protect the plaintiffs from uncertainty and insecurity a declaratory judgment and ancillary relief should be granted by the court.

Whatever rights the plaintiffs may have been denied by the adjournment of the stockholders' meeting, and any rights acquired by them pursuant to the alleged election of a board of directors by them, had fully accrued. "[W]here . . . the petition shows that the rights of the parties have already accrued and no facts or circumstances are alleged which show that an adjudication of the plaintiffs' rights is necessary in order to relieve the plaintiffs from the risk of taking any future undirected action incident to their rights, which action without direction would jeopardize their interests, the petition fails to state a cause of action for declaratory judgment. *Sumner v. Davis,* 211 Ga. 702 (88 SE2d 392) ; *State of Ga. v. Hospital Authority of Gilmer County,* 213 Ga. 894, 898 (102 SE2d 543) ; *McCallum v. Quarles,* 214 Ga. 192 (104 SE2d 105), and cases there cited." *Pinkard v. Mendel,* 216 Ga. 487 (2) (117 SE2d 336). The petition in the present case, as originally filed, failed to state a cause of action for a declaratory judgment.

There are no allegations of fact in the original petition which would authorize the grant of the prayers for injunction or any other equitable relief. Moreover, there is another reason why the court did not err in dismissing count 1 of the petition. Under the bylaws of the defendant corporation, as pleaded in the petition, and under the provisions of *Code* § 94-203, there

must be an annual election of directors of the defendant corporation. In the absence of any allegations to the contrary, it must be presumed that in the intervening seven years since the filing of the petition other and different boards of directors have been elected, and the prayers for injunction or other relief against the named defendants as a holdover board of directors in 1957 had therefore become moot prior to the ruling of the court sustaining the defendant's general demurrers. *Frigidice Co., Inc. v. Southeastern Fair Assn., Inc.*, 186 Ga. 263 (197 SE 804); *Abernathy v. Dorsey*, 189 Ga. 72 (5 SE2d 39); *Beatty v. Myrick*, 218 Ga. 752 (130 SE2d 716).

■ The able trial judge summarized the plaintiffs' pleadings as follows: "In Count One, the plaintiffs seek to enjoin the incumbent management from controlling the affairs of the Central and seek an order delivering such control to plaintiffs' Board. In Count Two plaintiffs attempt to allege a distinct and separate cause of action for damages against named individual officers of the Company for selling certain Central stock of a subsidiary of Central to the Frisco at less than its par or declared value and for alleged unjust enrichment of certain named officers in selling stock of the Central directly or indirectly to the Frisco at a profit." The trial judge then ruled: "Where a petition is complete in form and substance but shows on its face that no cause of action is set out as a matter of law, it is not permissible to add by way of amendment a new and different cause of action in another count or counts, or otherwise, over objection, there being nothing by which to amend. *Ellison v. Georgia Railway Company*, 87 Ga. 691 [13 SE 809]; *Johnson v. Young*, 79 Ga. App. 276 at 283 [53 SE2d 559]. Therefore, the general demurrer to Count Two must be sustained."

Our statute law (*Code* § 81-1303) and the many decisions of this court following the ruling in *Ellison v. Georgia R. Co.*, 87 Ga. 691, supra, prohibit the addition of a separate, different, and distinct cause of action by amendment, such as was attempted in the present case. The trial judge did not err in sustaining the general demurrers and dismissing the petition as amended.

*Judgment affirmed. All the Justices concur.*