41317. NATIONWIDE MUTUAL INSURANCE COMPANY v. PEEK et al.

DECIDED SEPTEMBER 16, 1965.

262

*Smith, Ringel, Martin & Lowe, H. A. Stephens, Jr.,* for plaintiff in error.

*Henry A. Stewart, Sr., Noone, Moseley & Bell, Charles R. McBride,* contra.

BELL, Presiding Judge. The dispute between the parties is whether the term "insured" as it appears in the exclusionary provision relied upon by plaintiff is used severally to mean only the particular insured claiming coverage or collectively to mean the named insured together with any other person claiming coverage as an "insured" within the definition of the term.

However, this dispute, which requires a construction of the policy provisions and leads to an ultimate determination of the parties' rights and obligations, is not for consideration of this court upon the plaintiff's exceptions to the judgment sustaining defendants' general demurrers. These issues are for the trial court and may involve mixed questions of law and fact. "The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff is entitled to the declaration of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all, so that even if the plaintiff is on the wrong side of the controversy, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory judgment. And where a complaint in a proceeding for a declaratory judgment stated a justiciable controversy, a demurrer should have been overruled, and after the filing of an answer, a decree containing a declaration of right should have been entered." *Georgia Cas. &c. Co. v. Turner,* 86 Ga. App. 418,

423 (71 SE2d 773); *Parks v. Jones,* 88 Ga. App. 188, 191 (76 SE2d 449); *Darling v. Jones,* 88 Ga. App. 812, 815 (78 SE2d 94); *Mock v. Darby,* 109 Ga. App. 620 (137 SE2d 81).

Regardless of whether the plaintiff's contentions are or are not correct in fact and in law, the petition here shows that plaintiff is in a position of uncertainty and insecurity with respect to its rights and obligations under the policy. On general demurrer, "Basically the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437, 438 (117 SE2d 459). Where an insurer denies coverage under a particular policy and seeks to relieve itself of its obligation to defend a pending suit against an insured because of circumstances pleaded which cast doubt on the coverage of the policy as applied to those circumstances, there is such an immediacy of choice imposed upon it as to justify an adjudication by declaratory judgment. The action has been allowed under similar circumstances in *Mensinger v. Standard Accident Ins. Co.,* 202 Ga. 258 (2) (42 SE2d 628); *St. Paul Fire &c. Ins. Co. v. Johnson,* supra; *Georgia Cas. &c. Co. v. Turner,* supra; *Griffin v. Hardware Mut. Ins. Co.,* 93 Ga. App. 801 (92 SE2d 871); *Buffington v. New Hampshire Fire Ins. Co.,* 104 Ga. App. 139 (121 SE2d 270); *Dearhart v. Reserve Ins. Co.,* 108 Ga. App. 347 (132 SE2d 809), rev. 219 Ga. 699 (135 SE2d 378) upon another point, and in other cases.

The trial court erred in sustaining defendants' general demurrers.

*Judgment reversed. Frankum and Hall, JJ., concur.*