23063.   WOMBLE v. STATE BOARD OF EXAMINERS IN OPTOMETRY.

ARGUED SEPTEMBER 13, 1965—DECIDED OCTOBER 7, 1965—
REHEARING DENIED OCTOBER 19, 1965.

*Edenfield, Heyman & Sizemore, Newell Edenfield, Joseph Lefkoff, Bennett, Gilbert, Gilbert & Whittle, L. J. Bennett,* for plaintiff in error.

*Eugene Cook, Attorney General, Arthur K. Bolton, Attorney General, Paul Hanes, Assistant Attorney General, William B. Gunter, Deputy Assistant Attorney General,* contra.

*Charles D. Wheeler,* for party at interest not party to record.

QUILLIAN, Justice. 1. In *Pearle Optical &c., Inc. v. State Board &c. in Optometry,* 219 Ga. 364 (133 SE2d 374), we upheld the authority of the Board to promulgate rules under Ga. L. 1963, p. 214, and to control and regulate the practice of optometry. Thus, there is no uncertainty as to the Board's authority to accomplish this function. However, in the instant case the only declaratory relief sought is that the defendant be declared to be acting in violation of certain rules. The Board did allege that the direction of the court was necessary to relieve the parties "from the risk of taking any future undirected action incident thereto," but this was purely by way of conclusion of the pleader totally unsupported by averments of facts or circumstances to show any risk or uncertainty. "The demurrer admits to be true only properly pleaded allegations. It does not admit opinions or conclusions of the pleader." *Callan Court Co. v. Citizens & Southern Nat. Bank,* 184 Ga. 87, 126 (190 SE 831).

The ruling in *Pinkard v. Mendel,* 216 Ga. 487, 490 (117 SE2d 336), is controlling here: "The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated. . . Where, as here, the petition shows that the rights of the parties have already accrued and no facts or circumstances are alleged which show that an adjudication of the plaintiffs' rights is necessary in order to relieve the plaintiffs from the risk of taking any future undirected action incident to their rights, which action

without direction would jeopardize their interests, the petition fails to state a cause of action for declaratory judgment." *State Hwy. Dept. v. Georgia S. &c. R. Co.*, 216 Ga. 547 (2) (117 SE2d 897).

Whether the plaintiff was entitled, had the cause been properly plead, to injunctive relief does not appear to have been in doubt and hence no declaratory judgment was necessary for that purpose.

2. The petition prays for injunction, but no equitable grounds why such relief should be granted are alleged. In the absence of statutory authority, equity will not intervene where a party has a complete and adequate remedy at law and no other equitable reasons, such as avoidance of a multiplicity of suits or that the acts of the defendant complained of constitute a constantly recurring wrong, generally denominated a continuing wrong, are alleged. *Code* §§ 37-120, 55-101. Here the plaintiff Board could proceed to have the defendant's license to practice suspended or revoked.

Since the trial judge erred in overruling the demurrers to the petition, all other and further proceedings were nugatory.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause, and Cook, J., disqualified.*