[Civ. No. 28518.   Second Dist., Div. Four.   June 2, 1966.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff and Appellant, v. NORTON SHELTON PRICE et al., Defendants and Respondents.

Schell & Delamer and Fred B. Belanger for Plaintiff and Appellant.

Magana & Olney, Daniel C. Cathcart and Ellis J. Horvitz for Defendants and Respondents.

KINGSLEY, J.—Plaintiff, State Farm Mutual Automobile Insurance Company, a corporation, hereinafter called "State Farm," appeals from a judgment in favor of defendants in an action for declaratory relief.

State Farm issued a policy of insurance to Madeleine L. Cooke and to her son, Ronald Cooke: Madeleine and Ronald Cooke were listed in the policy as the "named insured." This

liability insurance policy was in full force and effect at all times pertinent herein. The only automobile insured under the policy was a 1951 Ford two-door sedan, No. BILB 135711; prior to October 20, 1957, this 1951 Ford was the only automobile owned by either Ronald, Madeleine, or Walter Cooke, Madeleine's husband.

At all times herein material, Ronald was a minor. Madeleine could not remember whether or not she had signed his application for a driver's license and there is no direct evidence on that point. The car was registered in Ronald's name alone. Madeleine made the down payment; thereafter, until he entered the armed services, Ronald made payments on the balance of the purchase price out of his earnings. After Ronald went into service, Walter and Madeleine made the payments. Both Walter and Madeleine used the Ford at times.

On October 20, 1957, Walter Cooke (who resided in the same house as his wife Madeleine) jointly purchased a 1951 Frazer in a joint venture with Jack Robert Allstott and Norton Shelton Price, two fellow workmen, so that the three men could use the Frazer in going back and forth to their mutual place of employment. On October 23, 1957, three days after purchasing the Frazer, while Price was operating the Frazer, Ralph Knight was injured by Price, and a judgment was ultimately entered against Walter Cooke in the sum of $82,749.77. (*Knight* v. *Cook* (1963) 212 Cal.App.2d 613 [28 Cal.Rptr. 273].) The accident of October 23, 1957, was reported to plaintiff by Madeleine Cooke on October 28, 1957.

The Ford automobile remained in the home and continued in use after the accident involving the Frazer, and the Ford was in operating condition at the time of that accident.

The issue is whether or not Walter Cooke was afforded insurance under the policy so that State Farm would be liable (to the extent of the policy limits) for the judgment obtained by Knight against Walter because of the accident involving the Frazer. While the briefs discuss the possibility of coverage under clauses relating to a "Temporary Substitute Automobile" and to "Use of Other Automobiles," we do not understand that defendants now claim coverage under any clause other than that relating to a "Newly Acquired Automobile." Since we conclude that that clause did afford coverage to Walter for the Frazer accident, we need not discuss the contentions as to the other two sets of clauses.

The portions of the policy relevant to this discussion read as follows:

"Insuring Agreements"

"I. Coverages.

Coverages A and B—(A) Bodily Injury Liability and (B) Property Damage Liability.

(1) To pay all damages which the insured shall become legally obligated to pay because of

(A) bodily injury sustained by other persons, and

(B) injury to or destruction of property of others, caused by accident arising out of the ownership, maintenance or use, including loading or unloading, of the automobile.

Limits of Liability—Unless specifically amended in the declarations, the company's limit of liability shall not exceed under:

coverage A, $10,000 for all damages arising out of bodily injury sustained by one person in any one accident and subject to this provision $20,000 for two or more persons in any one occurrence;

. . . . . . . . . . . . . . .

"II. Definition of Insured, etc.

(a) Insured—with respect to the insurance afforded under coverages A and B, the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use is by the named insured or such spouse or with the permission of either.

. . . . . . . . . . . . . . .

(f) Person—means a natural person and not a corporation, partnership, association or business name.

"III. Automobile defined.

(a) Automobile. Except where stated to the contrary, the word 'automobile' means:

(1) Described Automobile—the motor vehicle or trailer described in the declarations;

. . . . . . . . . . . . . . .

(4) Newly Acquired Automobile—an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if (a) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured

and such spouse on the date of its delivery, and (b) the named insured or such spouse notifies the company within thirty days following such delivery date. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile.''

Paragraph 14 of ''Conditions'' reads in part as follows: ''Joint and Several Interests. If two or more insureds are named in the declarations, this policy shall apply to them jointly and severally, but the inclusion of more than one insured shall not operate to increase the limits of the company's liability.''

## I

Defendants do not contend that the Frazer is a ''replacement'' automobile but defendants contend that it is covered by the alternate clause which provides for insurance of a newly acquired automobile when the company insures all automobiles then owned by the insured. Plaintiff says State Farm did not insure ''all automobiles owned by the named insured and such spouse on the date of delivery,'' and therefore there is no coverage.

Plaintiff seems to construe the above quoted language to mean that the named insured and spouse must *all* own the insured car on the delivery date of the new automobile. However, this clause has not been so interpreted; it merely means that *all* cars owned by the insured (in this case only the 1951 Ford) must be covered by the policy.

A clause like the one in question was discussed in *Birch* v. *Harbor Ins. Co.* (1954) 126 Cal.App.2d 714, where the court interpreted, at page 720 [272 P.2d 784], the ''Newly Acquired Automobile'' provision as follows: ''This provision is in the alternative, applicable either if a newly acquired car is a replacement or if at its delivery date the company insures all automobiles then owned by the insured. The court found, on undisputed evidence, that the latter situation here existed.''

The rule of the *Birch* case has been enunciated with approval in *Inland Mutual Ins. Co.* v. *Stallings* (4th Cir. 1959) 263 F.2d 852, and *Horace Mann Mutual Casualty Co.* v. *Bell* (D.C.W.D. Ark. 1955) 134 F.Supp. 307. These last two cases make it clear that the alternative clause is not limited to situations where the policy issued is a fleet policy which covers several automobiles, but is applicable where the insured only owns one vehicle.

Plaintiff cites *Reserve Ins. Co.* v. *Dearhart* (1964) 219 Ga. 699 [135 S.E.2d 378, 379], where coverage failed under the

"Newly Acquired Automobile" clause because the company did not insure *all* automobiles owned by the named insured. However, in *Dearhart* the named insured, Rauschenberg, owned no automobile at all, and at the time the policy was issued the only automobile that was described was a Ford owned by Rauschenberg's father. Rauschenberg later bought a car which was subsequently in an accident. Thus, the situations are clearly distinguishable. In the instant case the company insured all cars owned by the named insured, the Ford, which was the only car owned at the time. In the *Dearhart* case, the insured owned no automobile at all on the date of delivery.

■ Plaintiff contends that, because the clause says that the company must insure all automobiles owned by the named insured *and* such spouse, the spouse Walter must have owned a vehicle at the time he acquired his joint interest in the Frazer. That is not a reasonable interpretation of those words; the words simply mean that, if the spouse owns a vehicle, State Farm must be its insurer, in order for the "Newly Acquired Automobile" coverage to be effective. It would seem that the purpose of such a clause was to have the insured and his spouse purchase all of their insurance from State Farm, rather than from other insurers.

II

■ Some question is raised as to whether Madeleine had an insurable interest in the Ford such as would entitle her to have become a "named insured." The court made a finding of fact that she had such an interest, based on the partial payment of the purchase price of the Ford by her, frequent and regular use of the automobile by her, and potential liability pursuant to Vehicle Code sections 17701, 17707 and 17708.

In *Osborne* v. *Security Ins. Co.* (1957) 155 Cal.App.2d 201 [318 P.2d 94], a mother was found to have an insurable interest in her son's car, based on her signing a conditional sales contract and/or signing her son's driver's license. The court said that "ownership" is not a conclusive test of insurable interest.

Although Madeleine Cooke could not remember whether or not she signed her son's driver's license, Ronald Cooke was a minor at the time the car was acquired. Mrs. Cooke presumed that she must have signed his application "if that is what the law required," and in this presumption she is aided by Code of Civil Procedure section 1963, subdivision 33. Furthermore, Mrs. Cooke made some payments on the car and used the car. Therefore, there is sufficient evidence to support the trial court's finding of an insurable interest of Madeleine Cooke.

## III

■ Plaintiff contends that coverage is denied because the newly acquired automobile was not acquired by the named insured (Ronald and Madeleine) or by either of them, but by Walter. However, the clause ·in question extends coverage to "an automobile, ownership of which is acquired by the named insured *or his spouse if a resident of the same household.*" (Italics added.) Thus it is immaterial that the named insureds had no interest in the Frazer; by the very words of the policy, the newly acquired automobile could be owned by a spouse and it is in that capacity that Walter Cooke makes his claim.

As we understand it, plaintiff also argues that, because the Frazer was owned jointly by Walter, Allstott and Price, it was not owned by a "spouse" of the named insured. But, by the very terms of the policy, ownership may be either joint or several. It follows that ownership of the Frazer by Walter and his joint venturers was sufficient. In *American Indem. Co.* v. *Davis* (D.C.M.D. Ga. 1957) 155 F.Supp. 47, affirmed as to this point in (5th Cir. 1958) 260 F.2d 440,[1] a father was named alone as the named insured; a replacement car was purchased by the father and his son, jointly; coverage was held to exist although the father's interest was joint and not sole.

## IV

■ Plaintiff's chief contention is that, in the context of this case, the definition of an "insured" covers a spouse only "if the named insured is an individual," and that, since the named insured consisted of two persons, there was no "individual" insured. Put in another way, it is argued that a duality consisting of Ronald and Madeleine could not have a "spouse."

While it is possible to read the language in question as applying only where one natural person was the named insured, the language is also quite susceptible of meaning only that coverage will not be extended where the named insured is a corporation, a partnership, a joint venture or other non-natural person. We recognize that this same result would have followed if the quoted words had been omitted. But that is not enough. It is too well settled to require citation that an insurance policy must be construed strongly against the insurer who drafted it and that, if it can reasonably be read in a manner favorable to the insured, that construction must be

---

[1] The decision of the trial court was modified on another issue by the court of appeals.

followed. Since it is not unreasonable to read the clause in question as extending coverage to persons who are the spouse (resident in the same household) of an individual who is a named insured, we conclude that Walter Cooke was an "insured" under the definition of that word as used in this policy.

Since Walter Cooke was an insured under the policy, and since the automobile involved was a "newly acquired" vehicle under the policy definition of that term, it follows that plaintiff is obligated to assume liability for the Knight judgment insofar as the monetary limits of the policy extend.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.