48876. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. HILLHOUSE et al.

PANNELL, Judge.

It appears from the record and allegations of the petition for declaratory judgment brought by the insurer against the insured and the injured party in Cherokee County, Georgia, that the injured party sued the insured in Cherokee County, the insured notified the insurer to defend, the insurer denied liability and refused to defend, and the injured party secured a judgment in the tort action against the insured in the amount of the policy.

The injured party then brought an action against the insurer in the Superior Court of Fulton County seeking recovery against the insurer in the amount of the judgment obtained in the tort action. The insurer then brought the present declaratory judgment action in Cherokee County contending (1) that there was no coverage under the policy and (2) the provisions of the policy were violated because the insured in bad faith consented to a judgment in favor of the injured party without the consent of the insurer. The prayers were that the insurer receive a declaratory judgment to the effect that there was no coverage under the policy and that the policy terms were violated for the above reasons. No claim is alleged and none is proven as to any uncertainty and insecurity with regard to the propriety of some future act or conduct. The insurer, here, merely seeks to have its defenses, which it can and must assert in the action pending against it, determined by an advisory opinion of the Superior Court of Cherokee County to the Superior Court of Fulton County.

1. "The Act of the General Assembly (Ga. L. 1959, p. 236) amending Code § 110-1101, providing 'Relief by declaratory judgment shall be available notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies' does not mean that a declaratory judgment will lie to have just any justiciable controversy decided. The ruling by the Supreme Court in *McCallum v. Quarles,* 214 Ga. 192 (104 SE2d 105) brings this matter to a clear and unequivocal conclusion." *Reliance Ins. Co. v. Brooks Lumber Co.,* 101 Ga. App. 620, 621 (115 SE2d 271); *Phoenix Assurance Co. v. Glens Falls Ins. Co.,* 101 Ga. App. 530, 532 (114 SE2d 389).

2. And where the rights of the parties have already accrued and there are no circumstances showing any necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest, the plaintiff is not entitled to a declaratory judgment. See *State of Ga. v. Hospital Authority,* 213 Ga. 894, 898 (102 SE2d 543). The declaratory judgment action

makes no provision for a judgment which is advisory. *Liner v. City of Rossville,* 212 Ga. 664 (94 SE2d 862). Therefore, when no such uncertainty and necessity is shown, there is no ground for a declaration of rights under the Act. *Brown v. Cobb County,* 212 Ga. 172, 175 (91 SE2d 516); *McCallum v. Quarles,* 214 Ga. 192, supra; *Rowan v. Herring,* 214 Ga. 370, 374 (105 SE2d 29); *Pinkard v. Mendel,* 216 Ga. 487, 490 (117 SE2d 336); *Henderson v. Alverson,* 217 Ga. 541, 542 (123 SE2d 721); *Dunn v. Campbell,* 219 Ga. 412, 415 (134 SE2d 20); *Milton Frank Allen Pubs. v. Ga. Assn. of Petroleum Retailers,* 219 Ga. 665, 671 (135 SE2d 330); *Salomon v. Central of Ga. R. Co.,* 220 Ga. 671, 672 (141 SE2d 424); *Womble v. Georgia State Bd. of Ex. in Optometry,* 221 Ga. 457, 459 (145 SE2d 485).

The case of *Gant v. State Farm &c. Ins. Co.,* 109 Ga. App. 41 (134 SE2d 886) written by Judge Eberhardt for this court, conclusively demonstrates that under the facts of this case the existence of a mere justiciable controversy is not sufficient. As was stated in that case (p. 42), "The salient issue in this appeal is whether the rights of the petitioning insurance company have already accrued"; and as was further said in that case "Notwithstanding the remedial nature of the Declaratory Judgments Act and the 1959 liberalizing amendment (Ga. L. 1959, p. 236), the rule is that a petition does not state a cause of action for a declaratory judgment where 'the rights of the parties have already accrued' and there is no necessity to protect and guide petitioner 'from uncertainty and insecurity with respect to the propriety of some future act or conduct.' *Holcomb v. Bivens,* 103 Ga. App. 86 (118 SE2d 840) and citations." In interpreting this ruling and applying it to the facts of that case it was said: "if [the insurer] has failed or refused to afford a defense to the damage action because it has made the determination that no coverage was afforded under its policy the rights, if any, of the parties had accrued before the declaratory judgment action was filed and the insurer needs no declaration to guide it as to any future action." P. 43.

3. Where a declaration is sought as to matters or claims already pending between the parties in a court of competent jurisdiction, a declaratory judgment will be denied, where such declaration will be in nature and

effect an advisory opinion to such other court. *Darnell v. Tate,* 206 Ga. 576 (2) (58 SE2d 160); *Staub v. Mayor &c. of Baxley,* 211 Ga. 1 (1) (83 SE2d 606); *Ulmer v. State Hwy. Dept.,* 90 Ga. App. 833 (84 SE2d 583); *Kiker v. Hefner,* 119 Ga. App. 629, 631 (168 SE2d 637); *Employers Liability Assur. Corp. v. Berryman,* 123 Ga. App. 71 (1) (179 SE2d 646).

4. The decision in the case of *LaSalle National Ins. Co. v. Popham,* 125 Ga. App. 724 (188 SE2d 870) (in which the writer and Judges Quillian and Evans dissented) is distinguishable from the present case. In that case it was held the above rules did not apply because the insurer was uncertain as to whether it should defend the *pending* tort action, although it had refused to do so. There is no such question here. The tort action in the present case had been completed by judgment *before* the bringing of the action for declaratory judgment. Compare *Reliance Ins. Co. v. Brooks Lumber Co.,* 101 Ga. App. 620, supra.

5. That the insured, because he is not a party thereto, may not be bound by a judgment in the case pending in Fulton County by the injured party against the insurer, is no ground for a declaratory judgment in an action therefor to which the insured is a party. If the insurer prevails in the suit pending against it in Fulton County, it would not be required to pay the judgment, and in that instance it is possible the insured might bring an action against the insurer. If the insurer desires advice about such an action, it cannot get it in a declaratory judgment proceeding, since no such action has been brought; and if brought, would depend upon the contingency of the insured winning the action brought against it by the injured party. A declaratory judgment action will not be rendered based upon a possible or probable contingency, but must be based upon accrued facts, or facts already existing. *City of Summerville v. Ga. Power Co.,* 78 Ga. App. 666 (51 SE2d 702). Nor can a declaratory judgment action perform the function of a bill in equity seeking to enjoin pending litigation and praying for a consolidation of actions for the purpose of avoiding a multiplicity of suits, as might be done under Code § 37-1007. Compare Civil Practice Act, § 42 (Ga. L. 1966, pp. 609, 654; Code Ann. § 81A-142).

6. The defendant Cole filed a *motion to dismiss* for

failure to state a claim upon which relief could be granted. He also stated as a *separate defense* in his answer that the petition failed to state a claim upon which relief could be granted. It does not appear that the *motion* was heard or determined by the trial judge, but by entering a declaratory judgment, albeit construing the policy against the appellant and in favor of the appellee, the trial judge effectively decided against the defense in the answer of failure to state a claim upon which relief could be granted. While the appellee makes no particular contentions in reference to this, nor is there a cross appeal, with an enumeration of error on the tacit failure to sustain this defense in the answer, neither of these is necessary. The insurer is the appellant in the present case and seeks to reverse the trial judge for refusing to grant its summary judgment. *If that refusal was right for any reason we should affirm,* regardless of the reasons given by the trial judge. The trial judge was correct in denying the insurer's motion for summary judgment for the very simple reason that the evidence adduced did not pierce the pleadings of the defendant that the petition failed to state a claim upon which relief could be granted, and we should affirm for the further reason that the evidence adduced on the motion for summary judgment showed that no claim existed upon which relief could be granted in a declaratory judgment action.

For the above reasons we reverse the trial judge with direction that he vacate his declaratory judgment and enter a judgment of dismissal of the declaratory judgment action, thus relegating the insurer to asserting its defenses in the action against it. To do otherwise would permit litigants or prospective litigants by the tacit agreement of one of them not objecting to the procedure to make the courts mere instruments for rendering legal advice to any two parties who might desire it.

*Judgment reversed with direction. Deen, Quillian, Evans and Stolz, JJ., concur. Bell, C. J., Eberhardt, P. J., and Clark, J., dissent. Webb, J., not participating.*

ARGUED JANUARY 11, 1974 — DECIDED APRIL 2, 1974.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, Gary N. Ackerman,* for appellant.

*Van Gerpen & Bovis, John V. Burch,* for appellees.

EBERHARDT, Presiding Judge, dissenting.

The issue decided by the majority is whether coverage vel non under an insurance policy affords the basis for a declaratory judgment action. It has been held that it does in *Mensinger v. Standard Acc. Ins. Co.,* 202 Ga. 258 (42 SE2d 628); *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437, 438 (117 SE2d 459); *Georgia Cas. &c. Co. v. Turner,* 86 Ga. App. 418 (71 SE2d 773); *Darling v. Jones,* 88 Ga. App. 812 (78 SE2d 94); *Griffin v. Hardware Mut. Ins. Co.,* 93 Ga. App. 801 (92 SE2d 871); *Buffington v. New Hampshire Fire Ins. Co.,* 104 Ga. App. 139 (121 SE2d 270); *Dearhart v. Reserve Ins. Co.,* 108 Ga. App. 347 (132 SE2d 809), reversed on other grounds in 219 Ga. 699 (135 SE2d 378); *Mock v. Darby,* 109 Ga. App. 620 (137 SE2d 81); *Nationwide Mut. Ins. Co. v. Peek,* 112 Ga. App. 260 (145 SE2d 50); *Ditmyer v. American Liberty Ins. Co.,* 117 Ga. App. 512 (160 SE2d 844); *Stubbs v. State Farm Mut. Auto. Ins. Co.,* 120 Ga. App. 750 (172 SE2d 441); *Finney v. Pan-American Fire & Cas. Co.,* 123 Ga. App. 250 (180 SE2d 253); *LaSalle National Ins. Co. v. Popham,* 125 Ga. App. 724 (188 SE2d 870); *Coleman v. Dairyland Ins. Co.,* 130 Ga. App. 228 (202 SE2d 698); and *Haley v. State Farm &c. Ins. Co.,* 130 Ga. App. 258 (202 SE2d 838).

This issue was not presented or ruled upon in this case by the trial court, nor is it made the subject matter of any enumeration of error. There was a motion to dismiss in the trial court which might have raised it, but that was *never ruled on.* There is no cross appeal as to any ruling or failing to rule on the issue. It is simply not before the court. See *Hess Oil & Chemical Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70) holding that this court has no authority to manufacture grounds of error for use in disposing of a case.

Issue is properly made as to the matter of coverage, which I think we should proceed to pass on, for this must be done before the case can be finally disposed of.

I am authorized to state that Chief Judge Bell and Judge Clark join in this dissent.