HENRY C. WAYNE, administrator, *et al.*, plaintiffs in error, *vs.* THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, defendants in error.

1. As matter of public policy, founded on the exigencies of government, municipal corporations must have present command of their current revenues. Property holders who have paid, whether voluntarily or by coercion, illegal taxes in former years, have no right to set off (by injunction or otherwise) such payments against executions issued for the taxes of later years.

2. The remedy of injunction to restrain the collection of municipal taxes upon real estate, regularly assessed in pursuance of general ordinances to raise revenue for the current wants of the city, which ordinances are attacked for the sole reason that they do not burden all taxable property alike, is subject to the sound discretion of the chancellor; and where he has exercised his discretion by refusing the injunction, and the grounds of his judgment have a direct bearing upon nearly the entire mass of property over which the taxing power is exercised, and involve, therefore, the whole system of municipal finance, this court will not, for any reason, disturb so wise and conservative an administration of the injunction law.

Municipal corporations. Taxes. Injunction. Before Judge TOMPKINS. Chatham County. At Chambers. February 5th 1875.

In November, 1875, Wayne, as administrator upon the estate of Ferrill, and others owning real estate in the city of Savannah, filed their bill against the mayor and aldermen of such city, making, in brief, the following case :

Their real estate has been assessed for taxation by said corporation for the years 1874 and 1875, at the rate of two and a quarter per cent. per annum. For the years 1870 and 1871, they were assessed and taxed upon said property one and three-quarters per cent., and for the years 1872 and 1873, at the rate of two per cent. These taxes were paid to the extent set forth in schedule annexed to the bill, immaterial here. The payment of this money was coerced from them under the powers vested in the defendant to fine and to issue executions, etc. For the purpose of enforcing payment of the taxes assessed for the years 1874 and 1875, the defendants have issued executions, had them levied, and have caused complainants' property to be advertised for sale.

Complainants submit that all of the aforesaid taxes from the year 1870 to the year 1875, inclusive, are unconstitutional in this: that in .the year 1870 complainants' real estate was taxed one and three-fourths per cent., while stocks, bonds, moneyed capital, etc., were taxed only one-fourth of one per cent., and in like manner discriminations were made during the following years, and are now made in the tax ordinance of 1875, against real estate in said city, in favor of stocks, bonds, moneyed capital, etc.

They further submit that the tax ordinances for the years 1874 and 1875 are illegal for the further reason, that while every one owning household and kitchen furniture over the value of $300 00, is taxed upon said furniture, yet those owning less than $300 00 are exempted, thereby decreasing the amount of taxable property in said city, and thus increasing the rate of taxation on their real estate.

They further submit that the tax assessed for the year 1875 is illegal is this: that stocks, bonds, etc., of the value of millions of dollars are exempted from taxation, not in the exercise of a sound discretion, but for the purpose of discriminating in favor of personal property against real estate.

They further submit that the taxes assessed for the years 1874 and 1875, and previous years, are unconstitutional and void in this: that while the real estate of complainants is taxed from one and three-fourths to two and one-fourth per cent. per annum, real estate to the value of millions of dollars is unlawfully exempted from taxation of any character.

This last position is sought to be maintained by a history of what are known as the "ground rent lots," immaterial here in view of the decision.

Complainants pray that an account may be taken of the amount of illegal taxes coerced, exacted and received from them from the year 1870 to the filing of the bill; that such illegal collections may be applied to the payment of any legal taxes now assessed, or hereafter to be assessed against complainants until exhausted; that if the defendants decline to apply the same in that way, then that they be decreed to pay them over to complainants; that the defendants be enjoined from further proceeding with the aforesaid tax executions; that said defendants be enjoined from assessing taxes against complainants' property, unless they shall assess and tax the said stock, bonds, capital, furniture and ground rent lots at the same rate of taxation. They also pray discovery and the writ of *subpœna.*

The defendants demurred and answered. The grounds of demurrer were as follows:

1st. Want of equity in the bill as a whole.

2d. Multifariousness.

3d. To that part of the bill which sought to recover the taxes paid for 1870–'1–'2–'3, for want of equity.

4th. To so much of the same part of the bill as related to payments made more than four years before the filing of the bill.

The answer, under the defendants' corporate seal, consisted, in substance, of three parts :

1st. Referring to the organic law from which the city derived its power to tax, and attaching a copy of the ordinance for 1875, it insisted that the ordinance was not in conflict with the constitutional rule of uniformity in *ad valorem* taxes upon property taxed ; and that in the matter of exemptions the discretion exercised was in accordance with the law and not subject to the control of the judiciary.

2d. It admitted that the ordinance for 1874 was in conflict with the constitutional rule, in requiring a tax of two and a quarter per centum for real property, and only one-fourth of one per centum for certain other kinds of property ; but declaied that the executions against the complainants for the taxes for that year were proceeding only for the amount of one-fourth of one per centum of the value of the real property of the complainants.

3d. It admitted that the ordinances for 1870–'1–'2–'3 had been in conflict with the constitutional rule ; but, explaining the history of the system of taxation in the city as above set forth, insisted that all the taxes collected for those years had been expended as fast as received in carrying on the municipal government, which could not be supported without taxes at *some* rate and upon *some* system, and that it would be oppressive to the corporation which had collected, and to the people generally who had paid the taxes for those years in good faith for that purpose, to require them to be refunded now ; and that all such taxes paid by the complainants had been paid by them voluntarily, with full knowledge or opportunity to know the law, and without any artifice or deception on the part of the defendants to induce them to pay, and that the complainants had the same means then as now of discovering the alleged illegality, and the same remedies at law and in equity.

Upon the application for injunction and the demurrer, the argument was heard upon two different days with an interval of a week. On the second day, the complainants filed an

unverified amendment to their bill, in which they made two new allegations—one that the defendants knew continuously from 1870 that the tax ordinances were illegal; the other, that it had used artifice in submitting to an injunction to restrain the collection of a tax, and inducing the persons obtaining such injunction to withhold from the public the fact of such submission.

The chancellor, on the 5th of February, 1876, ordered that the demurrer be wholly sustained, and the injunction wholly refused, as to all of the said bill except that part which prays for the writ of injunction to restrain the defendants from proceeding to collect the taxes assessed on the real estate of the complainants for the year 1874; and as to that part of the said bill so excepted, it is ordered that the writ of injunction do issue to restrain the defendants from proceeding to collect any more of the taxes required for the real property of the complainants for the year 1874, than will be equal to one-fourth of one per centum of the assessed value of the property, and that the demurrer to that part of the said bill be sustained only to the extent thus indicated.

To this judgment complainants excepted.

R. R. RICHARDS, for plaintiffs in error.

WILLIAM S. BASINGER, for defendants.

BLECKLEY, Judge.

This case was brought up under the statute which provides for the expeditious review of orders granting or refusing injunction. The decision complained of was made whilst the present term of this court was in progress. The ultimate question for us, on this writ of error, is, whether the judge abused his discretion in denying a more comprehensive injunction than the one he granted. We hold, for the reasons indicated in the head-notes, that he did not. Should the complainants think proper to bring their bill to a final hearing in the court below, it may then be necessary to go deeper into

some or all of the grave questions which underlie their attack upon the revenue system of the city; but it would be premature to do so now.

Judgment affirmed.