35144. MAYOR &c. OF SAVANNAH *v.* BAY REALTY COMPANY.

CARLISLE, J. 1. A declaratory judgment is available in a case of "actual controversy" to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations (*City of Summerville* v. *Georgia Power Co.*, 78 *Ga. App.* 666, 51 S. E. 2d 702), but courts will grant declaratory relief only when there exists between the

parties an actual controversy ripe for judicial determination; and the term "actual controversy" relates to a justiciable controversy. A con-controversy is "justiciable" when there are interested parties asserting adverse claims upon an accrued state of facts. *City of Nashville* v. *Snow,* 204 *Ga.* 371 (49 S. E. 2d 808).

2. Applying the foregoing principles of law to the facts of the petition, we hold that the petition does not set forth a justiciable controversy. Under the allegations, the extent of the plaintiff's damages against Savannah Power & Light Company in an impending proceeding to exercise its right to an easement to string its electrical wires over the plaintiff's warehouses is dependent upon the legality of a penal zoning ordinance, or ordinances, of the City of Savannah prohibiting the placing of billboards, or outdoor signs, within 200 feet of the Eugene Talmadge Memorial Bridge in the City of Savannah. The stringing of the electrical wires will prevent the plaintiff's proposed use of the roofs of its warehouses for outdoor advertising purposes. It has been agreed between the plaintiff and the electric company that the wires may be strung and that the electric company will hold its eminent-domain proceeding in abeyance pending the outcome of the present suit for declaratory judgment as to the validity of the zoning ordinances. If the ordinance, or ordinances, be valid, the plaintiff would have no right to place the signs at the proposed points on its roofs, and, consequently, in the eminent-domain proceeding, its damages would be only nominal. If the ordinance, or ordinances, be invalid, the plaintiff would be at liberty to place the proposed billboards on its roofs and would receive an income of several thousand dollars a year therefrom, and, consequently, in the eminent-domain proceeding the extent of the plaintiff's damages would be considerably more than nominal. While the ordinance, or ordinances, are made penal, it appears from the petition that the plaintiff does not propose to violate their provisions, as it has already permitted the electric company to string its wires over the warehouses, which precludes the erection of the outdoor signs or billboards. The City of Savannah, pursuant to the constitutional amendment of 1929, was empowered by the act of 1929 (Ga. L. 1929, pp. 1281, 1286) to enact zoning and planning laws whereby the city could be zoned and districted for various uses and other or different uses could be prohibited, and it was pursuant to this power that the present ordinance, or ordinances, were enacted. Its action in enacting the ordinance is comparable to the action of the General Assembly in enacting a statute. There is no penal or civil controversy existing between the plaintiff and the City of Savannah, and the plaintiff can no more ask for a declaration of the validity of the ordinance, or ordinances, in an abstract proceeding, than it could ask for an abstract declaration of the validity of a statute of the General Assembly. If a controversy exists, it is between the plaintiff and the electric company in the eminent-domain proceeding where the ordinance, or ordinances, may be called into question, and the city can be made a party (Code, Ann. Supp., § 110-1106): but under the allegations of the petition the present suit is comparable to the General Assembly's being made a party defendant to test the validity of one of its statutes, which is never permissible. Consequently, since no justiciable controversy exists between the plain-

tiff and the city, within the meaning of the declaratory-judgment law, the trial court erred in overruling the general demurrer to the petition.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 8, 1954.

*Edward M. Hester, Aaron Kravitch,* for plaintiff in error.
*Myrick & Myrick,* contra.