21989. LOTT INVESTMENT CORPORATION v. CITY OF WAYCROSS.

ARGUED MARCH 12, 1963—DECIDED APRIL 4, 1963.

*Gibson & McGee*, for plaintiff in error.

*Wilson G. Pedrick*, contra.

ALMAND, Justice. The bill of exceptions assigns error on the order of the trial judge refusing the prayers of the plaintiff in error for a declaratory judgment and for injunctive relief.

Lott Investment Corporation brought its petition against the City of Waycross in which it alleged: (a) that it was the owner of various tracts of real estate located within the corporate limits of the defendant; that it returned its real estate for taxation by defendant for the years 1961 and 1962 and the unpaid tax assessments for those years are now liens against its property; that for these two years the defendant did not require owners of tangible personal property located within its corporate limits and owned by residents of the city to return tangible personal property such as household goods, appliances, equipment, furnishings, clothing, recreational equipment exclusive of boats and motors, jewelry, furs, books, antiques, cameras or musical instruments. (b) That "the value of the property of plaintiffs, as assessed for taxation by defendant, bears a greater ratio to the total tax digest of defendant than if the unreturned tangible personal property were returned and assessed by defendant." (c) That "the policy of defendant in failing to require the return for taxation of all tangible personal property results in an unauthorized and illegal exemption from municipal taxation of the unreturned tangible personal property." (d) That "the return and assessment of all tangible personal property is essential to the uniformity of taxation upon this class of property (i.e., real property and tangible personal property) within the corporate limits of defendant." (e) That "plaintiff denies the validity of any taxes levied upon this digest for the reasons that such digest is invalid and void, in that the same is not uniform as to property within the same class, that there has been an unauthorized exemption of a substantial amount of property from taxation, and that plaintiff's property is subjected to a higher proportion of the total taxation of defendant." (f) That "plaintiff is constantly engaged in the sale of its

property, and in the course of such sales appropriate provision for the payment of the 1961 and 1962 taxes must be made in closing the sale. While plaintiff contends that such taxes as presently levied are invalid, nevertheless plaintiff cannot determine with certainty its obligation with respect to 1961 and 1962 taxes, and the attendant uncertainty hinders the operation of its business and impairs the marketability of its property." (Paragraphs 12, 13, 14, 17 and 18 of plaintiff's petition, respectively.)

Plaintiff prayed that process issue, that the court enter judgment declaring the systematic exclusion of tangible personal property to be illegal and the digest and levy based thereon void, and further prayed that the defendant be restrained from seeking to collect from plaintiff the taxes in issue. By amendment plaintiff prayed for the grant of a permanent injunction. On this petition a temporary restraining order and a rule nisi, ordering the defendant to show cause why the prayers of the plaintiff should not be granted, were issued. On the interlocutory hearing the defendant filed its answer denying all the material allegations of the petition. After hearing the evidence the court by order denied the plaintiff's prayers. Its motion for a new trial was overruled and it seeks a review of this judgment.

■ The main insistence of the defendant in error is that the pleadings and evidence do not show the existence of a justiciable controversy between the parties as would entitle the plaintiff to a declaratory judgment under the provisions of the Declaratory Judgment Act of 1945 (Ga. L. 1945, p. 137, as amended, *Code Ann.* § 110-1101), in that the sole controversy between the parties as to the 1961-1962 taxes was as to the assessed value of plaintiff's real property.

Section 13 (*Code Ann.* § 110-1111) of the Declaratory Judgment Act provides: "The purpose of this Act is to settle and afford relief from uncertainty and insecurity with the respect to rights, status and other legal relations, and is to be liberally construed and administered." A controversy is "justiciable" when there are "interested" parties asserting "adverse" claims upon an accrued state of facts. *Brown v. Lawrence,* 204 Ga. 788 (51 SE2d 651). On the hearing in the instant case witnesses (city officials) for the defendant admitted that for the years

1961 and 1962 the city did not require the owners of the types of tangible personal property enumerated in plaintiff's petition to return or pay taxes on such property, and the present avowed purpose was not to require the return of such items of personal property. The evidence discloses that the plaintiff owns several tracts of real estate and is engaged in buying and selling real estate located in Waycross and the unpaid taxes for the two years are liens against its real estate, and before it can sell any of its real estate it has to pay the amount of tax assessed against the particular property. There was evidence that before bringing this action plaintiff protested to the city that the exemption of personal property from taxation was illegal. There was evidence that the total value of personal property exempted was in excess of the total amount of the constitutional homestead exemption.

We are of the opinion that the pleadings and the evidence present parties asserting adverse claims upon an accrued state of facts and that the purpose of plaintiff's petition is to settle and afford relief from uncertainty and insecurity with respect to present and future rights, status and legal relations of the parties so as to constitute a justiciable controversy between the parties. See *Woodside v. State Hwy. Dept.*, 216 Ga. 254 (115 SE2d 560), and *Saint Paul Fire &c. Ins. Co. v. Johnson*, 216 Ga. 437 (117 SE2d 459).

■ The evidence shows without dispute that, though the charter of the City of Waycross required that all real and personal property located in the city be taxed, the taxing officials of the city did not tax any of the types of tangible personal property enumerated in plaintiff's petition. Such failure to levy taxes for the years 1961 and 1962 violated Art. VII, Sec. I, Par. III (*Code Ann.* § 2-5403) of the Constitution of 1945 which provides: "All taxes shall be levied and collected under general laws and for public purposes only. All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax. Classes of subjects for taxation of property shall consist of tangible property and one or more classes of intangible personal property including money. The General Assembly shall have the power to classify property including

money for taxation, and to adopt different rates and different methods for different classes of such property." In *Hutchins v. Howard*, 211 Ga. 830 (89 SE2d 183), this court said: "Taxation on all real and tangible personal property subject to be taxed is required to be ad valorem—that is, according to value, and the requirement in the Constitution that the rule of taxation shall be uniform, means that all kinds of property of the same class not absolutely exempt must be taxed alike, by the same standard of valuation, equally with other taxable property of the same class, and co-extensively with the territory to which it applies, meaning the territory from which the given tax, as a whole, is to be drawn." In *Vedery v. Village of Summerville*, 82 Ga. 138 (1) (8 SE 213), it was held that a municipal tax ordinance imposing a tax ad valorem on real estate only was void by reason of conflict with the Constitution in not levying the tax ad valorem upon all property, real and personal, subject to be taxed within the territorial limits of the authority levying the tax. See also *Wayne v. Mayor &c. of Savannah*, 56 Ga. 448 (2); and *Montgomery v. Suttles*, 191 Ga. 781 (13 SE2d 781); and *Suttles v. Montgomery*, 193 Ga. 128 (17 SE2d 734). The assessments for taxes for the years 1961 and 1962 of plaintiff's real estate being violative of the uniformity clause of the State Constitution were null and void. *Hutchins v. Howard*, 211 Ga. 830 (2), supra. The trial court erred in not entering judgment declaring the tax assessments against plaintiff's real estate for the years 1961 and 1962 to be null and void and in not declaring the taxes for these years to be uncollectable until and unless the City of Waycross for the two years in question assesses for taxation all tangible personal property, not exempt by law, subject to be taxed within the territorial limits of the City of Waycross.

■ The record discloses that the issues were tried at the appearance term of the case by the court without the intervention of a jury on plaintiff's prayers for a permament injunction. Consent of the parties that the court could enter a final decree is thus implied. *Wilson v. Trustees of Union Theological Seminary*, 181 Ga. 755 (184 SE 290). In view of the ruling made in Division 2 of this opinion the court erred in not granting a

permanent injunction enjoining the City of Waycross from enforcing the collection of taxes assessed against the real estate of the plaintiff for the years 1961 and 1962 until such time as the City of Waycross assesses for taxation for the years 1961 and 1962 all tangible personal property, not exempted by the Constitution, subject to be taxed within the territorial limits of the City of Waycross.

*Judgment reversed. All the Justices concur.*