### 29359. PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY v. UNITED FAMILY LIFE INSURANCE COMPANY et al.

UNDERCOFLER, Presiding Justice.

Provident Life & Accident Insurance Company brought this action for declaratory judgment and equitable relief against Interfinancial, Inc., its subsidiary company, United Family Life Insurance Company, and Mrs. Carol R. Kerwin. The facts upon which the action was brought are as follows: On February 1, 1970, Provident issued a group life and accident insurance policy to Interfinancial, which policy included United Family. The policy covered employees of Interfinancial and United Family who were regular full-time employees scheduled to work at least 30 hours per week. Subsequently on February 1, 1970, Leroy A. Kerwin applied for such insurance representing that he was employed by United Family and had been so employed since June 19, 1969, at a salary of $40,000 per year. In due course a certificate of coverage was issued to him. On October 3, 1973, Mrs. Carol R. Kerwin, widow of Leroy A. Kerwin, made claim against Provident under said policy for $250,000. Attached to the claim was a death certificate showing that Leroy A. Kerwin had died on a date "undeterminable between December 3, 1970, and June 13, 1971." Provident alleges that Kerwin left Atlanta on December 3, 1970, and was last seen alive in Toronto, Canada, during the evening of that day, that his body with gunshot wounds in the head was found in a rural area outside of Toronto on June 13, 1971; and that the circumstances surrounding his death are unknown.

Provident claims Leroy A. Kerwin was never employed by United Family, never received any compensation from it, and therefore was not eligible for coverage under the group policy. It claims that if Kerwin was an employee his employment terminated prior to his death. It raises questions as to coverage under the policy as to accidental deaths which are dependent upon establishing the exact date of death. Provident also claims that, if it is liable on the policy, Interfinancial and United Family are liable to it. Provident prayed for a declaratory judgment and that Mrs. Carol R. Kerwin be permanently enjoined from filing suit against it. Prior to service of this suit Mrs. Kerwin filed suit against Provident for sums due under said group policy and Provident entered a third-party complaint against Interfinancial and United Family. The trial court on motion dismissed Provident's suit for declaratory judgment and equitable relief. This appeal followed. *Held:*

1. This appeal was originally filed in the Court of Appeals. It transferred the appeal to this court because the case involved equity. We conclude this court has jurisdiction of the appeal under the so-called rule of "bad equity cases." The motion to transfer the appeal back to the Court of Appeals is denied.

2. In our opinion the instant case, in substance, merely asks the court to determine whether Provident is liable upon an insurance policy which it issued and if so whether it has a claim over against Interfinancial or United Family. All rights have accrued and Provident faces no risk of taking future undirected action. There is not sufficient basis for declaratory judgment or equitable relief. Provident's positions can be presented when suit is entered by the claimant and as a matter of fact have been presented in such litigation which is now pending. *McCallum v. Quarles*, 214 Ga. 192 (104 SE2d 105); *Salomon v. Central of Georgia R. Co.*, 220 Ga. 671 (141 SE2d 424); Code Ann. § 110-1102 (Ga. L. 1945, p. 137; 1959, pp. 236, 237.)

*Judgment affirmed. All the Justices concur, except Hall, J., who dissents. Ingram, J., disqualified. Hill, J., not participating.*

ARGUED NOVEMBER 14, 1974 — DECIDED JANUARY 8, 1975 — REHEARING DENIED FEBRUARY 4, 1975.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas C. Shelton, Marion H. Allen, III, Everett L. Doffermyre,* for appellant.

*Moffett, Henderson, Jones & Barnwell, F. Glenn Moffett, Jr., Heyman & Sizemore, William H. Major, William B. Brown,* for appellees.