## 57243. SHIELD INSURANCE COMPANY v. HUTCHINS et al.

SHULMAN, Judge.

This appeal is from the grant of a motion to dismiss the appellant-Shield Insurance Company's petition for declaratory relief. We affirm.

The facts are as follows: In 1975, James Hutchins and Patricia Brantley were involved in an automobile collision. A suit was subsequently filed by Hutchins against Brantley; copies of the complaint were also served on Hutchins' insurers, Preferred Risk Mutual Insurance Company and Continental Insurance Company, on the theory that if Brantley were uninsured, coverage was afforded by those companies. Preferred Risk and Continental proceeded to defend under a reservation of rights. After discovery, the insurers settled with Hutchins, and Preferred Risk received in return a release and trust agreement, essentially authorizing Preferred Risk to prosecute in Hutchins' name. Thereafter, Brantley remained unrepresented in the matter. Preferred Risk, pursuing the suit in Hutchins' name under the terms of its trust agreement, obtained a judgment against Brantley for $30,000.

In 1978, a suit naming Hutchins as plaintiff was filed in the State Court of Glynn County against Cotton States Mutual Insurance Company, the allegations being that Cotton States had afforded liability coverage to Brantley at the time of the accident and that Hutchins was the third-party beneficiary thereof.

Cotton States' original answer admitted that it had issued the two policies in question to Brantley's father. Subsequently, after discovery, Cotton States amended its answer, denied issuing the policies and alleged that they had in fact been issued by Shield Insurance Company, its wholly owned subsidiary.

Shortly thereafter, Shield filed a declaratory judgment action in the Superior Court of Glynn County, naming as defendants Brantley, Hutchins, Preferred Risk, and Continental. Counts 1 through 3 of the petition sought a determination of Shield's defenses to the claim that Brantley was its insured at the time of the collision.

Counts 4 through 7 sought a determination of the right of Preferred Risk and Continental to bring a third-party beneficiary suit in Hutchins' name against Shield. Count 8 sought a determination of Shield's estoppel defense against Brantley, Hutchins, Preferred Risk, and Continental. In addition, an injunction and stay against further prosecution of the pending third-party beneficiary action in the state court was sought.

A motion to dismiss for failure to state a claim was filed by the defendant-appellee Hutchins, Preferred Risk, and Continental. A hearing was held and the court, after considering a stipulated statement of facts, granted the motion.

1. The appellees have moved for dismissal of this appeal because the notice of appeal was brought in the name of Cotton States Mutual Insurance Company rather than Shield Insurance Company. As discussed above, Shield Insurance, the plaintiff below, is the wholly owned subsidiary of Cotton States, which has never been a party to the declaratory judgment action. However, Cotton States is the named defendant in the pending third-party beneficiary action; Shield asserts itself to be the "real party in interest" in that suit. The notice of appeal, after naming Cotton States, states that "Plaintiffs above named, hereby appeal"; the style of the case referred to correctly denominates Shield as the party plaintiff in the declaratory judgment action, the dismissal of which is appealed from. Since the status that Shield and Cotton States occupy in the facts underlying this appeal are confusing at best, we are of the opinion that allowing the notice of appeal to be amended to reflect that Shield is the party seeking review of the dismissal of its petition would be ameliorative, in the nature of correcting an error, rather than permitting the substitution of a new party. Compare *U. S. Fire Ins. Co. v. Farris,* 146 Ga. App. 177 (245 SE2d 868). "If an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it." Ga. L. 1972, p. 624 (Code Ann. § 6-809 (b)). The motion to dismiss is denied.

2. "In declaratory judgment cases involving

coverage vel non, a distinction exists between the insurer's right to a declaration settling the matter where it hesitates whether or not to defend a pending action [cit.], and where that action has already been prosecuted to judgment, or the suit is in the first instance between a putative claimant or insured and the insurer. [Cits.]" *Southern Trust Ins. Co. v. Eason,* 134 Ga. App. 827, 828 (216 SE2d 667). The distinction is, of course, that in the cases of the former type "[w]here an insurer denied coverage under a particular policy and seeks to relieve itself of its obligation to defend a pending suit against an insured because of circumstances pleaded which cast doubt on the coverage of the policy as applied to those circumstances, there is such an immediacy of choice imposed upon it as to justify an adjudication by declaratory judgment." *Nationwide Mut. Ins. Co. v. Peek,* 112 Ga. App. 260, 263 (145 SE2d 50). "By refusing to defend, the company loses all opportunity to contest the negligence of the insured or the injured person's right to recover and exposes itself to a charge of and penalty for breach of contract. By defending, it incurs considerable expense and may waive the claim of immunity. It is therefore of exceptional importance to both insurer and insured, if not indeed to the injured person, to know at the earliest possible moment whether the policy covers the loss or not." Borchard, Declaratory Judgments (2d Ed.), p. 652.

In cases of the latter type, however, the insurer is not faced with the uncertainty and insecurity of making a jeopardizing election to enter into the defense of its alleged insured or to refuse to do so; suit looms against the insurer itself and its own defenses to liability can be presented without jeopardy when suit is entered by the claimant. *Provident Life &c. Ins. Co. v. United Family Life Ins. Co.,* 233 Ga. 540, 541 (212 SE2d 326). Under these circumstances, there being no uncertainty or insecurity with regard to the propriety of some future act or conduct, declaratory relief will not lie. *State Farm Mut. Auto. Ins. Co. v. Hillhouse,* 131 Ga. App. 524 (2) (206 SE2d 627).

Here, as in *Hillhouse,* a judgment has been obtained against an insurer's putative insured, and the insured now seeks a declaratory judgment that it is not liable

under the policy. All rights have accrued; the appellant is either liable under the terms of its policies for the judgment entered against Brantley or it is not. The appellant faces no risk of taking future undirected action; its defenses can be presented when suit is entered by the third-party claimant. *Provident Life &c. Ins. Co.,* supra. Therefore, the dismissal of appellant's petition, which sought a mere advisory opinion as to its defenses, was proper. *Hillhouse,* supra.

3. The appellant seeks to distinguish *Hillhouse* on the basis that, unlike the insurer in that case, it has alleged in its petition that it was never notified of the prior tort action brought against its putative insured, and thus was never given the opportunity to properly resolve its liability under the policy by bringing a declaratory judgment action during the pendency of the prior suit.

However, the appellant has an "accrued right" to raise as a defense violations by the insured of the terms of the policy upon which liability is premised. See generally *Hillhouse,* supra, p. 525. We are therefore of the opinion that while the failure to notify Shield of the prior tort action may be raised as a defense to a claim under the policy, it does not afford to it an independent basis for obtaining declaratory relief.

4. The appellant urges that because Preferred Risk and Continental were not parties to an action brought against it, there is the possibility it may be subjected to multiple suits and claims. We are cited to *Lambert v. Allen,* 146 Ga. App. 617 (247 SE2d 200), as authority for the proposition that declaratory judgment is a proper method by which to seek a determination of the respective claims of all possible claimants. In that case, the insurer, who admitted its duty to pay a judgment obtained as the result of its insured's negligence, was faced with uncertainty as to who was the proper party plaintiff in a wrongful death action; as a "contingent stakeholder" the insurer claimed guidance was necessary to protect it with regard to the propriety of its future actions. This court held that a claim for declaratory relief was stated "to have established, in a forum in which all parties are present, the party in whom the right of action for the contended negligent homicide rests." Id., p. 618.

The appellant here, however, is not a "contingent stakeholder" who is unsure as to whom it is liable under its policy; indeed, its petition seeks a declaration that it is not liable to anyone. The only uncertainty facing the appellant is whether its defenses to coverage are valid. That, in the contingency Brantley may be found to be its insured, Shield faces the possibility of multiple claims because Preferred Risk and Continental will not be parties to an action against it does not entitle the appellant to a determination of its defenses by declaratory judgment. "A declaratory judgment action will not be rendered based upon a possible or probable contingency, but must be based upon accrued facts, or facts already existing. [Cit.] Nor can a declaratory judgment perform the function of a bill in equity seeking to enjoin pending litigation and praying for a consolidation of actions for the purpose of avoiding a multiplicity of suits . . . " *Hillhouse,* supra, p. 527.

5. The appellant further alleges that declaratory relief affords it the only method by which to determine the right of an uninsured motorist carrier to maintain an action against a general liability carrier. However, we are aware of no reason why the appellant may not pursue this "real party in interest" defense in any court where an action against it may be brought. Code Ann. § 81A-117(a). See generally *Southeast Transport Corp. v. Hogan Livestock Co.,* 133 Ga. App. 825 (1) (212 SE2d 638).

6. The appellant further alleges that its petition should not have been dismissed because it sought affirmative equitable relief. Review of the petition reveals that the only affirmative relief sought is the determination of its equitable defenses to any claim against it based upon Brantley being found to be its insured. The appellant's defensive position can be presented when and if suit is entered against it. See generally *Butler v. Holmes,* 128 Ga. 333, 336 (57 SE 715).

7. For the reasons stated, it is thus clear that there is here no circumstance showing any necessity for the declaratory relief prayed for. *Hillhouse,* supra.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED FEBRUARY 13, 1979 — DECIDED APRIL 30, 1979.

*Thomas & Howard, W. Glover Housman, Jr., Hubert H. Howard,* for appellant.

*George M. Rountree, Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner, Richard M. Scarlett,* for appellees.