## 57549. STATE FARM FIRE & CASUALTY COMPANY v. FULLER.

DEEN, Chief Judge.

This is an appeal from the dismissal of appellant's petition for declaratory judgment. State Farm insured a house belonging to Fuller. The house burned and the insured filed proof of loss. The insurer states it has good cause to believe it has a defense to the claim in that the insured intentionally burned the structure and then grossly inflated his claim for damages in order to defraud the company. State Farm is presently investigating under a nonwaiver of rights agreement, and no demand for payment has been made.

It is clear from the above that the insurer is not seeking to avoid "uncertainty and insecurity with respect to the propriety of some future act or conduct in order not to jeopardize [its] interest." *Pendleton v. City of Atlanta,* 236 Ga. 479 (224 SE2d 357) (1976). It is also fairly clear that the only thing the plaintiff is unsure of is whether its evidence is sufficient to convince a jury that its insured has committed fraud or arson, since the defense, if substantiated, is of course a complete answer to the problem. This is not the sort of "justiciable issue" with which the declaratory judgment law is involved; its purpose is not simply to second guess a jury. *Reliance Ins. Co. v. Brooks Lumber Co.,* 101 Ga. App. 620 (115 SE2d 271) (1960). Where all rights have accrued, a petition by an insurer seeking merely to determine whether it is liable upon an insurance policy which it issued affords no sufficient basis for declaratory judgment, as the insurer's position may be presented at such time as suit is entered by the claimant. *Provident Life & Acc. Ins. Co. v. United Family Life Ins. Co.,* 233 Ga. 540 (2) (212 SE2d 326) (1975). In *Provident* such an action had already been filed. Here, no demand for payment has yet been made. These facts, however, go merely to the timing, and are not the gravamen of the action.

It was not error to dismiss the complaint on motion.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 3, 1979 — DECIDED JUNE 7, 1979 —
REHEARING DENIED JUNE 22, 1979 — 

*Greer, Klosik & Daugherty, John F. Daugherty, Michael L. Wetzel,* for appellant.
*Gus L. Wood,* for appellee.