58057. SENTRY INSURANCE v. ALMEIDA et al.

McMURRAY, Presiding Judge.

This case involves no-fault insurance under an automobile insurance policy paying benefits pursuant to the Georgia Motor Vehicle Accident Reparations Act (Code Ch. 56-34B; Ga. L. 1974, pp. 113, 124; as amended, 1975, pp. 1202, 1208; 1976, pp. 642, 644, 1513, 1514, 1523, 1524).

Marjorie H. Almeida was involved in an auto collision while driving an automobile of her husband, Oscar Almeida, having an automobile insurance policy issued by Sentry Insurance, A Mutual Company. Sentry Insurance brought this declaratory action against the Almeidas contending that it has paid emergency first-aid and preliminary care to or in behalf of defendant, Mrs. Almeida, in the sum of $5,000. It contends that she is claiming additional medical expenses and lost wages under said policy as the direct and proximate result of the traffic mishap. It also contends that these claims were not

reasonable and necessary as a result of the traffic mishap and that reasonable proof that same arose out of the traffic mishap has not been shown. Since a doubt has been created as to whether plaintiff should or should not assume further obligation for payment of benefits, it would be required to elect a course of action at its peril, and it seeks direction and declaration of the court as to same to avoid damages for which it would have no legal recourse and to avoid the odor of bad faith in refusing to pay same. It also sought a stay of threatened action of the defendant(s) until the court has an opportunity to declare the rights and obligations of the parties. The stay was granted.

Defendants answered, in general, denying plaintiff's complaint and right to declaratory judgment. They also filed an additonal separate motion to dismiss the action setting forth that plaintiff's complaint fails to state a claim for relief. After a hearing, the court found that the complaint affirmatively showed on its face that the rights of the parties to this action have accrued, and plaintiff faces no risk of taking future undirected action. Plaintiff appeals. *Held:*

Plaintiff's claim for relief was dismissed with prejudice based upon *Provident Life &c. Ins. Co. v. United Family Life Ins. Co.,* 233 Ga. 540, 541 (2) (212 SE2d 326).

Plaintiff bases its appeal upon *National Gen. Ins. Co. v. Meeks,* 145 Ga. App. 830, 835 (244 SE2d 920) wherein an insurer under a no-fault insurance policy was penalized for refusing to pay additional sums due under its no-fault insurance policy. This court therein stated that in order to avoid the odor of bad faith, defendant should have by declaratory judgment sought a determination of whether or not it was liable for the additional sum sought in that case. This language was obiter dicta, hence would not be controlling in this case. However, by the filing of this suit, the insurer may show evidence of good faith on its part in seeking to determine whether it is liable for additional sums under its policy. But, in any event, this court is controlled by the decision in *Provident Life &c. Ins. Co. v. United Family Life Ins. Co.,* 233 Ga. 540, 541 (2), supra, wherein the Supreme Court has stated that all rights have accrued under the policy and the insurer faces no

516

risk of taking future undirected action. The trial court did not err in dismissing the action.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

Argued July 11, 1979 — Decided September 4, 1979 — Rehearing denied September 26, 1979 —

*Richard B. Eason, Jr., Duane B. Jackson,* for appellant.

*John K. Dunlap,* for appellees.