63808. ALLSTATE INSURANCE COMPANY v. SHUMAN.

POPE, Judge.

Appellant Allstate Insurance Company brought an action for declaratory judgment and other relief in the court below and now

appeals the granting of appellee's motion to dismiss on grounds that the complaint failed to set forth a sufficient basis for declaratory relief.

The fact situation giving rise to the action is typical of a substantial number of cases pending before both state and federal courts in Georgia in the wake of *Jones v. State Farm &c. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980). Briefly stated, appellee became insured by appellant on or about February 23, 1979 through the Georgia Assigned Risk Plan. On the basis of appellee's assigned risk application, appellant provided her with minimum personal injury protection (PIP) coverage of $5,000. On April 4, 1979 appellee was involved in an automobile accident. Appellant paid the $5,000 PIP benefits pursuant to the policy.

In September and October of 1981, appellee, through her attorney, demanded retroactive maximum optional PIP coverage, citing *Jones v. State Farm,* supra, as support therefor. Appellee concurrently made a claim for an additional $18,624.77 in benefits for injuries and losses suffered as a result of the April 4, 1979 accident.

Appellant, contending that the optional PIP coverages had been rejected by appellee and therefore she was not entitled to any additional PIP benefits, filed the case at bar. Appellant specifically sought a declaration by the court that appellee's rejection of the optional PIP coverages was effective; that the assigned risk application was in compliance with the Motor Vehicle Accident Reparations Act; and that appellant had discharged all its duties and liabilities under the insurance policy.

Appellee filed a motion to dismiss the complaint on the grounds that the complaint failed to state a claim upon which relief could be granted, in that it failed to set forth sufficient grounds for a declaratory judgment. The trial court granted the motion and dismissed the complaint. The court concluded that the complaint was asking for an advisory opinion of the viability of appellant's defenses to appellee's claim for benefits; that all rights had accrued and appellant was not faced with uncertainty and insecurity in making a jeopardizing election with regard to the propriety of some future act or conduct; and that appellant's asserted bases of seeking to avoid the imposition of bad faith penalties and attorney fees under Code Ann. § 56-3406b (b) were insufficient to support the claim for declaratory relief. Appellant challenges each of these findings in this appeal.

1. Although appellant and amici curiae have presented a number of worthy arguments on the merits of this case, we cannot decide them. The sole question before us is whether the trial court erred in dismissing appellant's complaint, or, in other words, whether

the issues presented to the trial court were appropriate for declaratory relief under Code Ann. § 110-1101. We can only decide if the court should have rendered a declaratory judgment, not how that declaratory judgment should have been rendered.

2. In our review of the dismissal of the action, we are obliged to construe the complaint most favorably to appellant and, from that viewpoint, determine whether the allegations therein disclose with certainty that appellant is not entitled to the declaratory relief sought. *American Nat. Bank &c. Co. v. Davis,* 241 Ga. 333 (245 SE2d 291) (1978). We are further guided by Code Ann. § 110-1111, which provides that the declaratory judgment act is to be liberally construed toward the stated purpose of settling and affording relief from uncertainty and insecurity with regard to the rights and legal relations of the parties. On the other hand, we are constrained by a general disfavor by the judiciary of declaratory relief when an adequate alternative form of relief is available. (See cases cited in Division 4, infra.)

3. Code Ann. § 110-1101 empowers the superior courts to render declaratory judgments. The courts, however, have no subject matter jurisdiction to issue advisory opinions. *State Farm &c. Ins. Co. v. Hillhouse,* 131 Ga. App. 524 (2) (206 SE2d 627) (1974). The distinction between the two is the existence of an actual, or justiciable, controversy between the parties. Code Ann. § 110-1101 (a) expressly provides "[i]n cases of actual controversy" the courts may render declaratory judgments. Thus, the first issue for us to decide is whether the controversy between appellant and appellee is a justiciable controversy.

In Aetna Life Ins. Co. v. Haworth, 300 U. S. 227 (57 SC 461, 81 LE 617) (1937), the United States Supreme Court dealt with the issue of the nature of a justiciable controversy. Although the case was brought under the Federal Declaratory Judgment Act, 28 USCA § 400 (now 28 USCA § 2201), and therefore is not binding upon us, we find the Court's analysis of the justiciability of the controversy relevant and persuasive. Haworth provides us the basic parameters of a justiciable controversy: A controversy is justiciable when it is appropriate for judicial determination. It must be definite and concrete, touching the legal relations of parties having adverse legal interests, rather than being hypothetical, abstract, academic or moot. The controversy must be such that it will be resolved immediately and definitely by the judicial declaration. Haworth, supra at 239-41. Accord, *Lott Inv. Corp. v. City of Waycross,* 218 Ga. 805 (1) (130 SE2d 741) (1963); *Mayor &c. of Savannah v. Bay Realty Co.,* 90 Ga. App. 261 (1) (82 SE2d 710) (1954).

The core of the controversy between the parties at bar is the

issue of how, if at all, *Jones v. State Farm* affects their legal relations. We find that this controversy falls within the general parameters of a justiciable controversy. It is a question of law, determinative of their dispute.

4. The finding of a justiciable controversy, however, is only the beginning, rather than the end, of our inquiry. We must now determine if the asserted grounds for declaratory relief fall within the further limitations established for declaratory judgments by a long line of Georgia cases.

The seminal case appears to be *Mayor &c. of Athens v. Gerdine,* 202 Ga. 197 (1) (42 SE2d 567) (1947), where the Supreme Court stated: "While our declaratory-judgment statute itself says that it should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest."

This language was expressly reaffirmed in *Sumner v. Davis,* 211 Ga. 702 (1) (88 SE2d 392) (1955), and *McCallum v. Quarles,* 214 Ga. 192 (1) (104 SE2d 105) (1958). The principles have been reaffirmed and applied in a great number of cases over the years. See, e.g., *Provident Life &c. Ins. Co. v. United Family Life Ins. Co.,* 233 Ga. 540 (2) (212 SE2d 326) (1975); *Baron v. State Farm &c. Ins. Co.,* 157 Ga. App. 16 (1) (276 SE2d 78) (1981); *Shield Ins. Co. v. Hutchins,* 149 Ga. App. 742 (2) (256 SE2d 108) (1979); *State Farm &c. Ins. Co. v. Hillhouse,* supra; *St. Paul &c. Ins. Co. v. Fleet Transport Co.,* 116 Ga. App. 606 (3) (158 SE2d 476) (1967); *Phoenix Assur. Co. v. Glens Falls Ins. Co.,* 101 Ga. App. 530 (114 SE2d 389) (1960).

The principles enunciated in *Gerdine* have been developed in the subsequent cases. One development particularly relevant to this case is that declaratory judgment is not available to a party merely to test the viability of its defenses. *Baron v. State Farm,* supra; *State Farm &c. Co. v. Fuller,* 150 Ga. App. 387 (258 SE2d 13) (1979); *Shield Ins. Co. v. Hutchins,* supra. Here, appellant's defense to appellee's claim is essentially a contest over the asserted applicability of *Jones v. State Farm.* Thus, it may be said that appellant, by bringing this action for declaratory judgment, is seeking a judicial opinion of the

viability of its defenses in the event appellee files suit for the claimed benefits. On the surface, therefore, *Baron, Fuller* and *Hutchins* call for a decision unfavorable to appellant. However, we find a significant distinction between those cases and the one at bar.

In each of those cases, the petitioner was seeking a declaration by the court of how a given law applied to a given set of facts. In our case, we do not have a given law. That is the issue: What law applies? The issue is certainly unsettled at the present time and resolution of the issue is certainly of manifest importance to the parties (as well as the insurance industry in general, as amici curiae so vigorously point out). Until the issue is decided, the parties herein are forced to proceed under the uncertainty of its effect. Moreover, their dispute cannot be finitely resolved until the issue is decided. In short, the issue needs to be decided.

5. This leads us to the ultimate issue: Whether the issue can be decided by declaratory judgment. There are two avenues to follow in reaching that decision. The first is, if the *Gerdine* principles apply, are there facts or circumstances in this case which necessitate a declaratory judgment? *Gerdine* limits the availability of declaratory relief when other relief is also available. We interpret that to mean viable alternative relief.

The alternative to appellant bringing this petition for declaratory judgment is to wait to be sued on the claim by appellee. The issue at bar, being a question of law, would then most likely be presented to the court in some form of pretrial motion. Resolution of the issue there would be just as determinative of the dispute between the parties as it would be here. Nevertheless, we fail to see the reason for requiring appellant to await the filing of a suit against it under the exceptional circumstances in this case. The decision in *Jones v. State Farm* has had the unfortunate effect of creating substantial uncertainty and insecurity in the insurance industry. Appellant, as well as other insurance companies doing business in Georgia, is being inundated with claims for retroactive benefits assertedly prescribed by *Jones.* In this case, as in the others, the facts have accrued and the question is now whether *Jones* has changed the rights of the parties with respect to those facts. Until that question is answered appellant is forced to proceed without guidance from the law. Therefore, we conclude that the *Gerdine* qualifications for declaratory judgment have been met.

6. The second avenue of approach to the issue is under the Declaratory Judgment Act itself. Code Ann. § 110-1101 (b) provides: "In addition to the cases specified in paragraph (a) of this section, the respective superior courts . . . shall have power . . . to declare rights and other legal relations . . . in any civil case in which it appears to the

court that the ends of justice require that such declaration should be made. . . ." In our view, subsection (b) was provided for just such circumstances as exist here. See generally *Calvary &c. Baptist Church v. City of Rome,* 208 Ga. 312 (3) (66 SE2d 726) (1951).

The issue at bar is a question of law and therefore can only be decided by a court of law. A trial would serve no useful purpose because the issue is purely legal. Moreover, it is an important issue, one that needs to be decided. Therefore, we hold that the ends of justice require that the court below render the declaratory judgment prayed for.[1] The decision dismissing the complaint is reversed and the case is remanded for declaratory judgment.

*Judgment reversed. Sognier, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JULY 13, 1982 —
REHEARING DENIED JULY 30, 1982 — ▮▮▮▮▮▮▮▮

*E. B. Wilkin, Jr., Richard W. Fields, Thomas S. Carlock, R. Clay Porter,* for appellant.
*Walter H. Burt III, William L. Swan,* for appellee.
*William C. Sanders, G. Conley Ingram, Oscar N. Persons, Vickie Cheek Lyall, Milton A. Carlton, J. Franklin Edenfield,* amici curiae.

DEEN, Presiding Judge, concurring specially.

While concurring in the judgment of reversal, what is said in Division One of the majority opinion is well stated and prohibits us from addressing the merits of the case. It is the opinion of the writer that our whole court should consider the retrospective-prospective application and effects of *Jones v. State Farm &c. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980), and, further, possibly reconsider

---

[1] We note that two federal judges in the United States District Court for the Northern District of Georgia concluded that we would deny declaratory relief under these circumstances. See State Farm &c. Auto Ins. Co. v. Bates, 243 FSupp. 807 (N.D. Ga. June 30, 1982), at p. 18 of the Order; State Farm &c. Co. v. Sweat, —— FSupp. —— (N.D. Ga. March 11, 1982) (Case No. C81-2056, Evans, J.), at p. 9 n. 14 of the Order. Both judges based their conclusions upon their reading of *Baron v. State Farm,* supra. Both cases involved nearly identical facts as our own, but were brought under the Federal Declaratory Judgment Act. Declaratory judgment was rendered in both cases, applying Georgia law, with opposite results. Judge Evans held for prospective application of *Jones v. State Farm* and Judge Murphy held for retroactive application. See Bates, —— FSupp. at —— Order at 25, 35; Sweat, —— FSupp. at ——, Order at 23. We expressly reserve our opinion on the matter.

whether the latter case imposing unique multiple signature requirements in the insurance industry was based on a misconstruction and misinterpretation of Code § 56-3404b (b), and, therefore, whether it should be overruled or be upheld.

I respectfully concur in the judgment only.