## 64587. STANDARD GUARANTY INSURANCE COMPANY v. EVANS.

SOGNIER, Judge.

Standard Guaranty Insurance Company (hereafter Standard) filed a complaint for declaratory judgment seeking determination of the rights and obligations of Standard and Evans under an automobile liability insurance policy issued to appellee Evans' decedent, McArthur Evans. Appellee filed a motion to dismiss Standard's complaint on the ground that it failed to state a claim for relief at law or in equity, or for declaratory judgment or relief. The motion to dismiss the complaint was granted and Standard appeals.

On March 16, 1980 Standard issued an automobile liability insurance policy to McArthur Evans. He died as a result of an automobile accident on August 28, 1980. On October 22, 1981 appellee, through her attorneys, filed a claim with Standard for optional Personal Injury Benefits under her deceased husband's automobile policy, stating that she wished to accept "the statutory continuing offer of optional benefits and elects the maximum optional Personal Injury Protection benefits of $50,000.00. See Jones v. State Farm, 156 Georgia Appeals 230, 274 SE2d 623, Cert. Dismissed." At the same time appellee tendered the total additional premium for the maximum optional PIP benefits, subject to Standard furnishing the exact amount due. Standard acknowledged receipt of the letter claiming "retroactive optional PIP coverage," but stated that McArthur Evans had knowingly rejected the optional coverage. The tender of premiums was rejected, and appellee's attorney was advised that Standard was filing a declaratory judgment action, with Mrs. Evans as defendant, to determine the rights of the parties.

The sole issue presented on this appeal is whether the trial court erred by granting the motion to dismiss Standard's complaint for declaratory judgment. OCGA § 9-4-2 (Code Ann. § 110-1101) gives the superior courts power to render declaratory judgments in cases of actual controversy, notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies. In *Allstate Ins. Co. v. Shuman,* 163 Ga. App. 313, 315 (3) (293 SE2d 868) (1982), we held that a factual situation almost identical to that giving rise to the instant case presented a justiciable controversy, and that the trial court erred by granting a motion to dismiss the complaint for declaratory judgment. That case is controlling here, and thus, it was error to grant the motion to dismiss appellant's complaint for declaratory judgment.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1983 —
REHEARING DENIED MARCH 24, 1983 —

*Richard B. Eason, Jr., Carolyn J. Kennedy, Noel H. Benedict,* for appellant.
*Charles H. Hyatt, William L. Skinner,* for appellee.