A98A1258. COTTON STATES MUTUAL INSURANCE COMPANY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
A98A1259. BATTEN et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
A98A1260. UNITED STATES FIDELITY & GUARANTY COMPANY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
A98A1261. GRANGE MUTUAL CASUALTY COMPANY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
A98A1262. PADGETT et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

(510 SE2d 78)

BEASLEY, Judge.

The appellants, all of whom are defendants in this declaratory judgment action, are would-be plaintiffs and their insurers in a tort action arising out of a motor vehicle collision. They appeal the grant of State Farm's motion for partial summary judgment, in which the court ruled that State Farm had not waived its right to enforce the coverage provisions of its auto insurance policy by the payment of excess property damage claims. Defendants also appeal the denial of their motions for summary judgment.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[1]

On December 29, 1995, a truck driven by Elizabeth Winkler and owned by her fiancee and passenger, Scott Gray, crossed the centerline. It struck two other cars, killing not only Winkler and Gray but also William N. Padgett and William J. Padgett. Ruby Padgett and Sylvia Padgett were injured. Gray's truck was insured for minimum limits by Midland Risk Insurance Company (a non-party), which limits were paid to the Padgetts. Their cars had uninsured/underinsured

---

[1] (Citation and punctuation omitted.) *American Southern Ins. Co. v. Abbensett,* 232 Ga. App. 16, 17-18 (501 SE2d 53) (1998).

motorist coverage by defendants Cotton States, USF&G and Grange Mutual.

Because Winkler resided with her parents, she was a conditional insured under her father's State Farm policy. The policy restricts coverage for any relative of the primary insured who resides in the household of such insured to vehicles which are not owned by any resident of such household. Conversely, coverage does not apply to a resident relative if the involved vehicle is owned by any other resident of the household, relative or not. The purpose of this condition is to preclude coverage of multiple vehicles in the same household under a single premium. The parties agreed that for the purposes of the motions for summary judgment, it is assumed that Gray resided in the Winkler household; whether he did or not was reserved for jury determination.

After Midland paid the limits of its property damage coverage, State Farm paid those property damage claims which exceeded Midland's limits. State Farm then took a recorded statement from its insured, Elizabeth Winkler's father Larry, and determined that Gray had been living in the Winkler household to some extent. So it sent a reservation of rights letter to its insured, the administrator of Elizabeth's estate. It then filed this declaratory judgment action contending that because Gray was a non-relative living in the Winkler household, his vehicle would not qualify as a "non-owned car" and, as a result, the collision was not covered under State Farm's policy.

Defendants countered that State Farm waived the defense of non-coverage (based on Gray's residence in the Winkler household as an assumed fact) by payment of property damage without reservation of rights. The trial court rejected this contention and ruled that, as a matter of law, State Farm did not waive this defense because it had never undertaken the defense of any tort action without reserving its rights. In fact, no tort action for personal injuries had yet been filed when the court ruled.

One need not actually assume anything with respect to Gray's residence in connection with this ruling. Waiver is the first question. If there was waiver, it matters not whether Gray was a resident. That is, if State Farm waived its right to show that Gray *was* a resident at the time of the fatal collisions, then it must proceed based on the fact that he was not because it in effect already accepted as fact that he was a non-resident and acted on this basis. The waiver would be a barrier to proving the fact of residence to be otherwise. That would mean there must be coverage because Gray's truck would be, for this purpose, a "non-owned car"; it would not be excluded from the policy's definition by virtue of the fact that Gray, a person who is not a relative of Larry Winkler, resided in the Winkler household. If, on the other hand, State Farm did not waive its right to prove that Gray

was a resident, then it preserved the opportunity to deny coverage.

There was no waiver by payment of the excess of property damage.[2] There might have been waiver, if State Farm had undertaken a defense of a tort action without reserving its rights to contest coverage. As ruled in *Prescott's Altama Datsun v. Monarch Ins. Co.*,[3] the defense of noncoverage may be waived "where the insurer, without reserving its rights, assumes the defense of an action or continues such defense with knowledge, actual or constructive, of noncoverage. [Cits.]" But any such activity, which might have prejudiced its insureds, did not happen.

This appeal does not present a request for an advisory opinion, which of course would not be proper. It meets the criteria for a justiciable case.[4]

*Judgment affirmed. Andrews, C. J., Johnson, P. J., Smith, J., and Senior Appellate Judge Harold R. Banke concur. Blackburn and Eldridge, JJ., concur in part and dissent in part. McMurray, P. J., disqualified.*

BLACKBURN, Judge, concurring in part and dissenting in part.

I must dissent from the majority's opinion because it is an advisory opinion. With respect to the judgment rendered by the majority, I agree that the trial court properly denied the defendants' motions for summary judgment; however, I dissent from the majority's judgment wherein it affirms the trial court's grant of summary judgment to State Farm.

Here, the parties agreed to "assume" Gray's residency, and the trial court reserved such issue for jury determination. Inasmuch as a jury's ultimate determination of the issue of Gray's residence at the time of the collision could well moot the grant of summary judgment by the trial court and any ruling on such grant by this Court, the grant of partial summary judgment to State Farm was improper. While the parties are free to stipulate facts, they cannot be assumed for summary judgment purposes or for appeal. On summary judgment, there must be no issues as to material facts on appeal, they must be undisputed, stipulated, or resolved by the trier of fact. Summary judgment is not proper where there is a question of fact which requires jury determination. See OCGA § 9-11-56.

---

[2] *Andrews v. Ga. Farm &c. Ins. Co.*, 226 Ga. App. 316 (487 SE2d 3) (1997); *Cincinnati Ins. Co. v. Mullinax*, 215 Ga. App. 331, 333 (2) (450 SE2d 336) (1994) (insurer's payment of property damage benefits to its insureds did not waive its right to rely on exclusion of liability coverage regarding same accident).

[3] 253 Ga. 317, 318 (319 SE2d 445) (1984).

[4] See *In the Interest of I. B.*, 219 Ga. App. 268, 269-270 (464 SE2d 865) (1995) (physical precedent), cited with approval by the Supreme Court in *Collins v. Lombard Corp.*, 270 Ga. 120 (508 SE2d 653) (1998).

This Court does not issue advisory opinions, that is, an opinion based on hypothetical or assumed facts. As Judge Beasley stated in *In the Interest of I. B.*, 219 Ga. App. 268, 269-270 (464 SE2d 865) (1995) (physical precedent only): "The role of the judiciary is to address 'justiciable cases.' *Thompson v. Talmadge*, 201 Ga. 867, 874 (1) (41 SE2d 883) (1947). 'A controversy is justiciable when it is appropriate for judicial determination. It must be definite and concrete, touching the legal relations of parties having adverse legal interests, rather than being hypothetical, abstract, academic or moot.' *Allstate Ins. Co. v. Shuman*, 163 Ga. App. 313, 315 (3) (293 SE2d 868) (1982). 'A controversy is "justiciable" when there are interested parties asserting adverse claims upon an accrued state of facts. (Cit.)' *Mayor &c. of Savannah v. Bay Realty Co.*, 90 Ga. App. 261, 262 (1) (82 SE2d 710) (1954). *Bankers Life & Cas. Co. v. Cravey*, 90 Ga. App. 113, 119 (82 SE2d 150) (1954), clearly states: 'The courts do not concern themselves with the solution of academic problems or the determination of dead issues.'"

The rulings of this Court become the law of the case as do the facts upon which our opinion is based, and must be based. OCGA § 9-11-60 (h). If Gray is a resident of Winkler's household for the purpose of this appeal, the general rule would require that such fact is established for any other litigation in this matter under the law of the case rule. We are not free to "assume" that Gray was a resident of Winkler's household on the date of the collision, as this fact is in dispute and has been reserved for later determination by a jury. Summary process could not be appropriate until after this issue of fact has been resolved. State Farm has acknowledged in its brief that there is coverage for Winkler if Gray was not a resident of the Winkler household on the date of the collision.

For these reasons, I would reverse the grant of partial summary judgment to State Farm, affirm the denial of defendants' motions for summary judgment, and remand the case to the trial court for the resolution of the factual issues.

I am authorized to state that Judge Eldridge joins in this opinion.

DECIDED DECEMBER 1, 1998 ▮

*Young, Thagard, Hoffman, Scott & Smith, F. Thomas Young, Henry P. Scott*, for appellant (case no. A98A1258).

*Preston & Preston, Robert H. Preston*, for appellants (case no. A98A1259).

*Irwin & Crist, R. Chris Irwin*, for appellant (case no. A98A1260).

*Roy E. Harkleroad*, for appellant (case no. A98A1261).

*Farrar & Hennesy, Curtis Farrar,* for appellants (case no. A98A1262).

*John T. Croley, Jr.,* for appellee.